IRON SILVER MINING Co. *v.* SULLIVAN and others.

(*Circuit Court, D. Colorado.* June 22, 1883.)

LODE OR PLACER MINE—REV. ST. § 2333.

The "vein or lode" of mineral referred to in section 2333 of the Revised Statutes as exempt from a grant or patent of premises in which such vein or lode may be embraced, means a vein or lode that has been discovered, developed, or located, and that has definite metes and bounds.

At Law.

*C. G. Symes,* for plaintiff.

*Thomas, Patterson, Belford & Reed,* for defendant.

MCCRARY, J., (*orally.*) This case is before the court upon demurrer to portions of the answer. It is an action of ejectment, in which the plaintiff proceeds upon a government patent. The answer admits the validity of the patent, and that the plaintiff is the owner of whatever title is conveyed by the patent, but justifies the possession in defendants upon the ground that they are developing a certain vein or lode of mineral found within the limits of the property described in the patent. The patent is what is known as a patent for a placer mine, or a placer patent. The court cannot, in an action of this sort, as we all very well understand, go into any question as to whether the officers of the land department were properly advised as to the facts, nor make any inquiry into any question of fraud. The only tribunal that has authority to investigate questions of that sort is a court of chancery, when its powers are invoked by proceedings, instituted on behalf of the United States, for the purpose of setting aside the patent. All that we can inquire into, in a case of this character, is the question, what is conveyed by the patent under the statute by virtue of which it was issued.

The answer in this case sets forth that the portion of the premises occupied by these defendants constituted a vein or lode which was known and claimed to exist in said premises at the time of the application for the patent, and at the time the patent was issued, and the question here is whether, upon the averments of this answer, the premises in controversy, constituting a lode or vein of mineral, must be held, as matter of law, to have been excepted or reserved from the granting clause of the patent; and this question is to be determined upon a consideration of section 2333 of the Revised Statutes of the United States. It is well enough, however, to state precisely what the answer avers. I have, in fact, already done so. It avers that this

vein or lode was known and claimed at the time the application was made for the patent. There is no averment that the existence of the lode or vein was known to the patentee or to the party applying for the patent; nor is there any averment that such vein or lode had been claimed or located by metes or bounds; nor is there any averment that it was known, in the sense of having been developed or opened, so that ore had been actually found or discovered; and the question is whether any and all of these averments are necessary in order that the right of the public or of these defendants to go upon the premises and develop this vein or lode shall be considered as having been reserved by the patent; and this, as I have said, depends upon the meaning of section 2333 of the Revised Statutes of the United States.

I do not know when I have had greater difficulty in construing any legislation than I have had with this section. I have, however, reached a conclusion which I will proceed to state; and, in order to the more convenient consideration of the section, it may be better to state it in separate paragraphs, as it embraces and embodies several distinct propositions, all somewhat connected together, but still in a sense separate and distinct. Let me state the section, then, without changing the language at all, in paragraphs or subdivisions, as follows:

*First.* "Where the same person, association, or corporation is in possession of a placer claim, and also a vein or lode included within the boundaries thereof, application shall be made for a patent for the placer claim, with the statement that it includes such vein or lode, and in such a case a patent shall issue for the placer claim, subject to the provisions of this chapter, including such vein or lode, upon the payment of five dollars per acre for such vein or lode claim, and 25 feet of surface on each side thereof."

*Second.* "The remainder of the placer claim, or any placer claim not embracing any vein or lode claim, shall be paid for at the rate of two dollars and fifty cents per acre, together with all costs of proceedings."

*Third.* "And where a vein or lode, such as is described in section 2320, is known to exist within the boundaries of a placer claim, an application for a patent for such placer claim which does not include an application for the vein or lode claim, shall be construed as a conclusive declaration that the claimant of the placer claim has no right of possession of the vein or lode claim."

*Fourth.* "But where the existence of a vein or lode in a placer claim is not known, a patent for the placer claim shall convey all valuable mineral and other deposits within the boundaries thereof."

These are the provisions of section 2333. The most important portion of the section, so far as the question now before us is concerned, is the third subdivision, and this I will read again:

"And where a vein or lode, such as is described in section 2320, is known to exist within the boundaries of a placer claim, an application for a patent for such placer claim, which does not include an application for the vein or lode claim, shall be construed as a conclusive declaration that the claimant of the placer claim has no right of possession of the vein or lode claim."

The first thing that strikes us as an important matter, in the construction of this language, is that we are referred back to section 2320 for a description of the vein or lode which is referred to, and which is not to pass to the patentee unless he has complied with this provision of the statute: "Where a vein or lode such as is described in section 2320." What sort of a vein or lode is described in section 2320? By reference to that section we see that it relates entirely to vein or lode *claims*, and the description which it contains is a description of the metes and bounds of a vein or lode claim. It says:

"Mining claims upon veins or lodes of quartz or other rock in place, bearing gold, silver, cinnabar, lead, tin, copper, or other valuable deposits, heretofore located, shall be governed as to length along the vein or lode by the customs, regulations, and laws in force at the date of their location. A mining claim located after the tenth day of May, 1872, whether located by one or more persons, may equal, but shall not exceed, 1,500 feet in length along the vein or lode; but no location of a mining claim shall be made until the discovery of the vein or lode within the limits of the claim located. No claim shall extend more than 300 feet on each side of the middle of the vein at the surface, nor shall any claim be limited by any mining regulation to less than 25 feet on each side of the middle of the vein at the surface, except where adverse rights, existing on the tenth day of May, 1872, render such limitation necessary. The end lines of each claim shall be parallel to each other."

Now, it is a vein or lode such as is described in this section 2320 that is referred to in the provision of section 2333 that I have read, and which we are now to consider. We are referred to section 2320 for a description of a vein or lode, which is referred to in the section under consideration; and we see by reading that section that it describes the location, the metes and bounds, the size, and generally describes, not the lode simply, but a lode claim,—one that has been located, which has boundaries, which has been developed; it gives us its dimensions; it declares it shall have been located; it says it shall be a claim in which there has been a discovery of mineral, etc.

I am of the opinion that a vein or lode that has never been claimed; that has not been located; that has not been marked out by metes and bounds, and in which there has been no actual development, or, to use the language of the statute, "discovery of a vein or lode within the limits of the claim located,"—is not a vein or lode such as is described

in section 2320. The description must refer to these things. The section describes nothing else, and to its description we are plainly referred.

It follows that the language in the third subdivision of the section must refer to a vein or lode which has been located; which has boundaries; which has a locality; which has had some sort of development; or else it cannot be such a vein or lode as is described in section 2320.

This view of the statute enables us to give a meaning to other portions of the section, which otherwise would be very difficult indeed to do. The words "vein or lode" and "vein or lode claim" seem to have been used indiscriminately and interchangeably throughout this section. The words "vein or lode" occur five times; the words "vein or lode claim" occur four times; they are used interchangeably in the same sentence. The first sentence, for example, after employing the words "vein or lode" three times, concludes by referring to the same thing by the words "such vein or lode claim." Now, the use of the word "such" necessarily refers to something preceding in the same sentence, and we can give it no meaning whatever unless we assume that the employment of the words "vein or lode" in the preceding part of the sentence is intended to be synonymous with the words "vein or lode claims" used in the close of the sentence. In the third clause, after using the words "a vein or lode such as is described in section 2320," the same thing is referred to further on in the same sentence as "the vein or lode claim,"—*the* vein, using the definite article "the," which necessarily refers to something which precedes; and we can give it no intelligent meaning unless we assume it refers to the words "vein or lode" in the preceding part of the same sentence; and this construction of the statute is the only one that will enable us to construe the second clause of the section intelligently. Let us look at that a moment:

"The remainder of the placer claim, or any placer claim, not embracing any vein or lode claim, shall be paid for at the rate of two dollars and fifty cents per acre, together with all costs of proceedings."

That is the price which the law fixes upon the placer mining land, as I understand it, and therefore the evident intent of that language is that any placer claim, not embracing any vein or lode claim, shall be considered as a placer claim, and not as a claim for veins or lodes.

The last clause of the sentence is the one upon which counsel for the defendant bases an argument which is entitled to very great weight, and I have considered it:

" But where the existence of a vein or lode in a placer claim is not known, a patent for the placer claim shall convey all valuable mineral and other deposits within the boundaries thereof."

The argument is that the reverse of this proposition must be so, and that if it does contain a vein or lode that is known, the patent will not convey such vein or lode; but what I have said, of course, must be taken into consideration in construing the latter clause of the section, as well as the other clauses, and the words "vein or lode," here, will be held to mean a vein or lode that has been discovered; that has been developed or located; that has metes and bounds. It must mean the same that the same words mean in other portions of the section.

These are my conclusions, gentlemen. The case, I understand, is very important. I have no doubt it is. The question is somewhat doubtful; and while I shall sustain the demurrer to the answer, I think that before rendering final judgments in these cases, if there be a number of them, that counsel had better take this case to the supreme court, and let the matter be finally settled there.

We are disposed to give judgment and stay of execution until you can have a hearing in the supreme court.

In this case, let the demurrer be sustained, let judgment go, and let an agreement be made, as counsel suggest, about submitting it to the supreme court.