# SULLIVAN v. IRON SILVER MINING COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DIS-
TRICT OF COLORADO.

No. 7.    Argued November 20, 23, 1891.— Decided February 29, 1892.

A placer patent conveys to the patentee full title to all lodes or veins within the territorial limits, not then known to exist; and mere speculation and belief, based, not on any discoveries in the placer tract, or any tracings of a vein or lode adjacent thereto, but on the fact that quite a number of shafts, sunk elsewhere in the district, had disclosed horizontal deposits of a particular kind of ore, which, it was argued, might be merely parts of a single vein of continuous extension through all that territory, is not the knowledge required by the law.

As the judgment in this case rests upon a sound principle of law, this court affirms it, although it was put, by the court below, upon an unsound principle.

THIS was an action of ejectment, commenced in the Circuit Court of the United States for the District of Colorado on the 5th day of March, 1883, by the defendant in error. The complaint alleged that on the first day of January, 1883, plaintiff was the owner and in possession of a tract of land in Lake County, Colorado, known as the Wells and Moyer placer claim, consisting of 193 $\frac{43}{100}$ acres, the description of which was given in full; that while so in possession, and on the 2d day of January, 1883, the defendants entered upon a certain portion, which was fully described, being about ten acres, and wrongfully seized and detained the same. In their answer the defendants set forth that the plaintiff held title to the placer claim by a patent

from the United States, of date March 11, 1879, which contained these restrictions and exceptions:

"First. That the grant hereby made is restricted in its exterior limits to the boundaries of the said lot No. 281, as hereinbefore described, and to any veins or lodes of quartz or other rock in place bearing gold, silver, cinnabar, lead, tin, copper or other valuable deposits which may hereafter be discovered within said limits, and which are not claimed or known to exist at the date hereof.

"Second. That should any vein or lode of quartz or other rock in place bearing gold, silver, cinnabar, lead, tin, copper or other valuable deposits be claimed or known to exist within the above-described premises at the date hereof, the same is expressly excepted and excluded from these presents."

They also averred that at the time of the location of the placer claim and the issue of the patent a vein or deposit of mineral ore in rock in place, of great value, was known and claimed to exist within the boundaries and underneath the surface of said placer claim, and that the patentee knew that said vein was claimed to exist, and did exist, within said premises; that the application for the patent did not contain any application for said vein or lode; and that on the 1st day of January, 1883, the defendants, citizens of the United States, went upon the premises and sunk a shaft thereon, and at the depth of more than ten feet from the surface cut and exposed said vein or deposit, and proceeded afterwards to file a location certificate. A demurrer to this answer was sustained, and judgment entered for the plaintiff. The defendants took the case on error to this court, and here the judgment of the Circuit Court was reversed. *Sullivan* v. *Mining Company*, 109 U. S. 550. The case turned on the construction of the pleadings, and it was held that the " allegation in the answer, that the vein was known by the patentees to exist at the times mentioned, is an allegation, in the very words of the statute itself, of the fact which the statute declares shall be conclusive against any right of possession of the vein or lode claim in a claimant of the placer claim only." No opinion was expressed on the question discussed by counsel, as to whether any other

than a located vein or lode could be deemed to be a known vein or lode within the meaning of the statute and the exception in the patent. On the return of the case to the Circuit Court, a replication was filed, denying that there was at the time of the location .of the placer claim or the issue of the placer patent any known vein, lode or mineral deposit within the premises, and also denying that the defendants discovered or exposed any vein, lode or mineral deposit of any kind whatever. On November 17, 1885, the case was tried before a jury, the verdict and judgment were for the plaintiff, and the defendants again bring the case here on error.

*Mr. T. M. Patterson* for plaintiffs [1] in error.

*Mr. L. S. Dixon* and *Mr. Ashley Pond* for defendant in error.

MR. JUSTICE BREWER delivered the opinion of the court.

On the trial, the court took the case away from the jury, the only instruction it gave being as follows:

" Under the opinion rendered by Judge McCrary in this case, it appears that the plaintiff is entitled to recover, the defendants' location not having been made until after the patent was issued, and we will enter your verdict for the plaintiff in such form as counsel may present."

In this the District Judge trying the case simply followed the opinion theretofore expressed by the Circuit Judge, to the effect that location was necessary before a vein or lode could be adjudged a known vein or lode within the exception in the patent, and the provision of section 2333, Revised Statutes. (5 McCrary, 274.) In this ruling was error, as has since been repeatedly determined by this court. *Reynolds* v. *Iron Silver Mining Co.*, 116 U. S. 687; *Iron Silver Mining Co.* v. *Reynolds*, 124 U. S. 374; *Noyes* v. *Mantle*, 127 U. S. 348, 353; *Iron Silver Mining Co.* v. *Mike & Starr Mining Co., ante,* 394. In *Noyes* v. *Mantle,* this court, speaking of sec. 2333,

---

[1] Argued with No. 2, *ante*, 394, and No. 3, *ante*, 430.

used this language: "The section can have no application to lodes or veins within the boundaries of a placer claim which have been previously located under the laws of the United States, and are in possession of the locators or their assigns; for, as already said, such locations, when perfected under the law, are the property of the locators, or parties to whom the locators have conveyed their interest. As said in *Belk* v. *Meagher*, 104 U. S. 279, 283: 'A mining claim perfected under the law is property in the highest sense of that term, which may be bought, sold, and conveyed, and will pass by descent.' It is not, therefore, subject to the disposal of the government. The section can apply only to lodes or veins not taken up and located so as to become the property of others. If any are not thus owned, and are known to exist, the applicant for the patent must include them in his application; or he will be deemed to have declared that he had no right to them. *Sullivan* v. *Iron Silver Mining Co.*, 109 U. S. 550, 554."

But, notwithstanding the technical error in this ruling, we cannot see that it wrought any prejudice to the substantial rights of the plaintiff in error, for, upon all the facts in the case, the judgment was one which must necessarily have been rendered. It appears beyond dispute, in fact it is alleged in the answer, that defendants entered upon the premises in January, 1883, and not earlier, and thereafter sank a shaft and did whatever work was done, and this, as appears by the pleadings and the testimony, was nearly four years after the issue of the patent. But a placer patent conveys to the patentee full title to all lodes or veins within the territorial limits, not then known to exist. So it matters not what developments or discoveries were made by these defendants after the issue of the patent. Nothing then disclosed could limit the effect of the patent, or except from its scope any vein or lode within its territorial limits. And, therefore, the testimony as to what took place after the issue of the patent, or as to the discoveries made thereafter, might properly have been excluded, and may now be wholly rejected in considering what judgment ought to have been rendered.

The only other question requiring notice is this: After the

plaintiff had finished its testimony, and the defendants had commenced offering theirs, the court intimated that it intended to direct a verdict for the plaintiff on the conceded fact that no location was made by the defendants until after the issue of plaintiff's patent, but at the same time notified the defendants that they could put in all the evidence they wished as to the existence of a lode, and the patentee's knowledge of it, and, replying to counsel for plaintiff, who was' objecting to any further testimony, said: "Well, Mr. Owers, the theory upon which they proceed is that you never got this lode, [it] being known to you. Whether they made a valid location of it or not is another question; but if it was known to the patentee at the time of the entry, whether located or not, their position is, and they are going to maintain it in the Supreme Court if they can, that you never got title to it by means of your placer patent."

And after that, defendants offered a mass of testimony, the scope of which was similar to that condemned as insufficient in the case of *Iron Silver Mining Co.* v. *Reynolds, supra.* Its purport was that it was commonly believed that underlying all the country in that vicinity was a nearly horizontal vein or deposit, frequently called a blanket vein; and that the parties who were instrumental in securing this placer patent shared in that belief, and obtained the patent with a view to thereafter developing such underlying vein. But whatever beliefs may have been entertained generally, or by the placer patentees alone, there was up to the time the patent was obtained no knowledge in respect thereto. It was, so far as disclosed by this testimony, on the part of everybody, patentees included, merely a matter of speculation and belief, based not on any discoveries in the placer tract, or any tracings of a vein or lode adjacent thereto, but on the fact that quite a number of shafts sunk elsewhere in the district had disclosed horizontal deposits of a particular kind of ore, which it was argued might be merely parts of a single vein of continuous extension through all that territory. Such a belief is not the knowledge required by the section. In the case referred to this court said: "There may be difficulty in deter-

mining whether such knowledge in a given case was had, but between mere belief and knowledge there is a wide difference. The court could not make them synonymous by its charge, and thus in effect incorporate new terms into the statute." So, giving full weight to all the testimony offered by the defendants, both as to the workings and discoveries after the patent, and the speculations and beliefs existing prior to its issue, the court should have directed a verdict, as it did, for the plaintiff, and the only error was in giving a wrong reason for a correct instruction.

No substantial and prejudicial error appearing in the record, the judgment will be

*Affirmed.*

Mr. Justice Field concurring.

I concur in the judgment of affirmance in this case, but as I do not agree with all the views expressed in the opinion of the court I have concluded to state my own separately.

The action is for the possession of certain mining ground known as the Kit Carson lode, situated in Colorado, and within the boundaries drawn down vertically from the surface of what is known there as the Wells and Moyer placer claim. This placer claim was patented to Wells and Moyer March 11, 1879, upon an application made May 16, 1878, and an entry made July 22, following. It is designated in the public surveys as mineral lot No. 281. It embraces 193 acres and a fraction of an acre, which are fully described by metes and bounds both in the patent and the complaint in the action. The patent, among other conditions, contains the following:

First. That the grant is restricted within the boundaries of said lot 281, and to any veins or lodes of quartz or other rock in place bearing gold, silver, cinnabar, lead, tin, copper or other valuable deposits thereafter discovered within those limits, and which were not claimed or known to exist at the date of the patent.

Second. That should any vein or lode of quartz or other rock in place bearing gold, silver, cinnabar, lead, tin, copper or

other valuable deposits be claimed or known to exist within the above-described premises at the date of the patent, the same are expressly excepted and excluded from it.

The defendants in answer to the action recited these exceptions to the patent and set up "that at the time of the location of said placer claim, and the survey thereof, and at the time of the application for said patent, and at the time of the entry of said land thereunder, and at the time and date of the issuing and granting of said patent, a lode, vein or deposit of mineral ore in rock in place, carrying carbonates of lead and silver, and of great value, was known to exist, and was claimed to exist, within the boundaries and underneath the surface of said Wells and Moyer placer claim, No. 281; and that the fact that said vein was claimed to exist, and did exist as aforesaid, within said premises, was known to the patentees of said claim at all the times hereinbefore mentioned;" and "that the said application for said patent by said patentees and grantors of said plaintiff did not include any application whatever for a patent of or to said lode or vein within its boundaries aforesaid." The defendant, therefore, averred "that the said failure to include said vein or lode in said application amounted to a conclusive declaration by said patentees that they made no claim whatever to said lode or vein, or any part thereof, and that the same was expressly excepted and excluded from, and did not pass with, the grant of the premises by the patent."

The defendants further alleged that on the 1st of January, 1883, they, being then and now citizens of the United States, went upon the premises described in the complaint and sunk a shaft thereon, which uncovered and exposed said lode, vein or deposit, and that thereupon they proceeded to locate the same as a lode claim by erecting at the point where they cut the said vein a notice, containing the name of said lode, to wit, the Kit Carson lode, the date of the location, and their names as locators, and caused the surface boundaries of the claim to be marked by posts, and afterwards filed a location certificate containing the name of the lode, the names of the locators, the date of the location, the number of feet in length claimed

on each side of the centre of the discovery shaft, and the general course and direction of the claim as near as might be. The defendants therefore claimed the right to occupy and possess the premises in full accordance with and by virtue of a full compliance with the requirements of the laws of the United States and of the State of Colorado, the said vein, lode or deposit being a part and parcel of the unappropriated public mineral domain of the United States.

A demurrer to this answer was sustained by the Circuit Court, and judgment being entered thereon, the case was brought here for review at October term, 1883. The demurrer was on the ground that the answer did not disclose any defence, because it showed that neither the defendants nor their grantors had discovered, located or recorded a lode or vein such as is described in section 2320 of the Revised Statutes, at or before the application for the placer patent, but that the defendants located their lode claim within the boundaries of the patented ground after the issue of the patent; and because the applicants for the placer claim were not required to apply for the vein or lode claim unless it had been duly discovered, located and recorded, and was owned by the applicants for the placer patent at the time of their application. This court reversed the judgment of the Circuit Court for the plaintiff on the demurrer, holding that it was sufficient as a matter of pleading, to bring an alleged lode or vein within the exception of the patent, to aver that it was known to the patentee to exist at the time of his applying for a patent, and was not included in his application. 109 U. S. 550.

On the trial in the Circuit Court the plaintiff gave in evidence its patent, and to show the date of the location of the lode claim by the defendants produced the certificate of their location. This certificate is dated January 2, 1883, and alleges a location made on that day upon a discovery of the same date.

To establish the existence of the lode claimed by the defendants, the testimony of four witnesses was introduced. One of them, Leonhardy, was allowed to testify, against the objection of the plaintiff, as to the existence of various lodes in the

vicinity of the placer claim of William Moyer and the placer claim of Wells and Moyer, and of the character of their underground workings. He was also permitted, under like objection, to give the statements of one Stevens, made to him years before, as to the latter's opinion then of the existence of a large body of mineral wealth under the surface of the country "round about there," although his interest in the premises in controversy was only acquired by purchase with Leiter from the owners of the placer claim after they had applied for a patent, and the statements were not made in the hearing of such owners. Testimony of this character was, in my judgment, clearly inadmissible. The testimony of Sullivan, one of the locators of the lode in suit, only went to the character of that lode, the extent to which a shaft had been sunk, its developments, and also as to the existence of other lodes in the vicinity of the placer claim. There was not a particle of evidence from any source showing that the vein or lode located by the defendants was known to exist at the date of the application for the placer patent, much less that its existence was brought to the knowledge of the patentee. Its location was nearly five years after the application for the placer patent, and nearly four years after the patent was issued. The existence of the Mike tunnel and its extension within the boundaries of the Moyer placer claim (not the placer claim involved in this case) can have no bearing upon the questions presented, even if there had been at any time discovered within that tunnel valuable mineral of sufficient extent to justify the expenditure of time and money for its development.

Upon the close of the testimony the court instructed the jury that the plaintiff was entitled to recover, the defendants' location not having been made until after the patent was issued, and directed them to find a verdict in its favor. They accordingly found such verdict, and the question before this court is as to the correctness of this instruction.

Exceptions to the operation of the patent are founded upon section 2333 of the Revised Statutes, which is as follows:

"Where the same person, association or corporation is in possession of a placer claim, and also a vein or lode included

within the boundaries thereof, application shall be made for a patent for. the placer claim, with the statement that it includes such vein or lode, and in such case a patent shall issue for the placer claim, subject to the provisions of this chapter, including such vein or lode, upon the payment of five dollars per acre for such vein or lode claim, and twenty-five feet of surface on each side thereof. The remainder of the placer claim, or any placer claim not embracing any vein or lode claim, shall be paid for at the rate of two dollars and fifty cents per acre, together with all costs of proceedings; and where a vein or lode, such as is described in section twenty-three hundred and twenty, is known to exist within the boundaries of a placer claim, an application for a patent for such placer claim which does not include an application for the vein or lode claim, shall be construed as a conclusive declaration that the claimant of the placer claim has no right of possession of the vein or lode claim; but where the existence of a vein or lode in a placer claim is not known, a patent for the placer claim shall convey all valuable mineral and other deposits within the boundaries thereof."

This section, as this court has said on more than one occasion, makes provision for three distinct classes of cases:

1. Where one applies for a placer patent, who is at the time in the possession of a vein or lode included within its boundaries, he must state the fact, and then, on payment of the sum required for a vein or lode claim and twenty-five feet on each side of it at $5.00 an acre, and $2.50 an acre for the placer claim, a patent will issue to him covering both claim and lode.

2. Where a vein or lode, such as is described in a previous section of the Revised Statutes — that is, of quartz or other rock in place bearing gold, silver, cinnabar, lead, tin, copper or other valuable deposits — is known to exist at the time within the boundaries of the placer claim, the application for a patent therefor, which does not also include an application for the vein or lode, will be construed as a conclusive declaration that the claimant of the placer claim has no right of possession to the vein or lode.

3. Where the existence of a vein or lode in a placer claim is not known at the time of the application for a patent, that instrument will convey all valuable mineral and other deposits within its boundaries. *Iron Silver Mining Co.* v. *Reynolds*, 124 U. S. 374, 382; also *Reynolds* v. *Iron Silver Mining Co.*, 116 U. S. 687, 696.

The exception made in the patent of the placer claim, of any vein or lode of quartz or other rock in place bearing gold, silver, cinnabar, lead, tin, copper or other valuable deposits, " *claimed* or known to exist," at *the date of the patent*, within the described premises, is in two particulars broader than the language of the statute, and to that extent is inoperative. It was so held in *Iron Silver Mining Company* v. *Reynolds*, 124 U. S. 374, 382, and in *United States* v. *Iron Silver Mining Company*, 128 U. S. 673, 680. The exception of the statute cannot be extended by those whose duty it is to supervise the issuing of the patent. It was so held in *Deffeback* v. *Hawke*, 115 U. S. 392, 406, where a mining patent for a placer claim was alleged to cover certain buildings and improvements of the defendant, and it was contended in an action to recover the premises, that the patent should have contained a reservation excluding from its operation the buildings and improvements not belonging to the patentee, and all rights necessary or proper to their possession and enjoyment. But the court held that this position had no support in any legislation of Congress, adding : " The land officers, who are merely agents of the law, had no authority to insert in the patent any other terms than those of conveyance, with recitals showing a compliance with the law and the conditions which it prescribed. The patent of a placer mining claim carries with it the title to the surface included within the lines of the mining location, as well as to the land beneath the surface." A similar ruling was made in *United States* v. *Iron Silver Mining Co.*, 128 U. S. 673, 680.

It thus appears that, according to the repeated decisions of this court, to bring a vein or lode of quartz or other rock in place bearing precious metals within the exceptions of the statute, and of course within those of the patent to the extent

to which they are operative, the vein or lode must have been known to exist at the time application for the patent was made. The knowledge of the applicant is necessarily limited to what has then been discovered; he cannot, of course, speak of possible future discoveries.

Before a vein or lode can be deemed to fall within those excepted from the placer patent, as a *known* lode existing at the time of the application of the patentee, the lode must be discovered and located, so far as to be capable of measurement.

The instruction of the court below directing a verdict for the plaintiff being in harmony with the decisions of this court as to the necessity of showing the existence of a lode known to the patentee at the time of his application for a patent, to except the lode from conveyance to the patentee, I agree that the judgment is rightly affirmed.