THOMAS v. SOUTH BUTTE MINING CO.

(Circuit Court of Appeals, Ninth Circuit. February 2, 1914.)

No. 2269.

1. MINES AND MINERALS (§ 34*)—PLACER CLAIMS—PATENT—RIGHTS CONVEYED.
    Patents to placer claims issued by complainant's grantors conveyed all the mineral therein, including veins or lodes not known to exist at the time of the respective application for the patent.
    [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 81–86; Dec. Dig. § 34.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MINES AND MINERALS (§ 16*) — MINERAL LODE LOCATION — CHARACTER OF
    GROUND.
        The fact that a lode claim is located is not proof that the ground on
    which it is located contains a vein or lode within Rev. St. § 2333 (U. S.
    Comp. St. 1901, p. 1433), providing for the location of lode mining claims
    on public land, since the mere location of an alleged vein or lode is not
    sufficient to prove that a vein or lode is known to exist, which can only
    be established by evidence of a discovery of mineral of sufficient value to
    justify expenditure of extraction.
        [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 21–
    23; Dec. Dig. § 16.*]

3. MINES AND MINERALS (§ 38*)—MINING CLAIMS—CERTIFICATE OF LOCATION—
    DISCOVERY—PRESUMPTIVE EVIDENCE.
        Where mining claims have passed out of the hands of the original own-
    ers, have stood unchallenged for many years and have been developed to
    a considerable extent, the certificate of location, if in due form, is pre-
    sumptive evidence of discovery and of valid location; but, in the absence
    of grounds for indulging such presumption, the location notice when re-
    corded is only prima facie evidence of what the statute requires it to con-
    tain, and which is therein sufficiently set forth.
        [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 87½–
    113; Dec. Dig. § 38.*]

Appeal from the District Court of the United States for the District
of Montana; Frank S. Dietrich, Judge.

Suit by the South Butte Mining Company against Thomas D. Thom-
as. Judgment for complainant, and defendant appeals. Affirmed.

Thomas D. Thomas, of Oakland, Cal., in pro. per.

John A. Shelton, of Butte, Mont., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The appellee brought a suit against the
appellant to quiet its title to certain placer claims in the state of Mon-
tana. The appellant answered and filed a cross-bill, alleging that within
the boundaries of the patent claims he had located the Resurrection
quartz lode mining claim; that the placer patents under which the appel-
lee claimed excepted and reserved veins or lodes of quartz or rock in
place bearing gold, silver, cinnabar, lead, tin, copper, etc., which were
known to exist within the lands described in the placer patents at
the date of the applications therefor; that certain veins or lodes did
exist at such dates, and were known to exist by the applicants; that
one of such veins so known to exist extends through the Resurrection
quartz lode mining claim, which was located by the appellant on Decem-
ber 1, 1909, and the appellant alleged that he had made discovery
thereon, and had regularly thereafter performed the necessary annual
work on said claim. The appellant prayed that the appellee's bill be dis-
missed, and that his title to the Resurrection claim be quieted. Up-
on the issues evidence was offered by the appellee showing its title to
the lands described in the bill by virtue of placer patents issued at
different dates, all of which were prior in time to the location of the
Resurrection lode claim, and testimony was given that the Resurrec-
tion lode claim was within the boundaries of said lands.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The proof of the appellant consisted of a certified copy of the certificate of location of the Resurrection lode claim, recorded on January 7, 1910, and an amended statement of the location thereof, recorded January 26, 1910; a certified copy of the location notice of the Morning Star lode claim, of date July 2, 1877; a certified copy of the location notice of the Green copper lode claim, of date January 1, 1891; a certified copy of the location notice of the Pay Streak lode mining claim, of date August 2, 1881; also a map purporting to show the location of these various lode claims, and showing that the Pay Streak lode claim covered a portion of the ground which was subsequently embraced within the Resurrection quartz lode mining claim; that the Green copper lode claim adjoined the end thereof, and that the Morning Star was distant therefrom. The other documentary evidence offered by the defendant was immaterial to the issues raised in the pleadings and to the question which is before us for decision. The appellant offered no evidence whatever other than the copies of the location notices of the three lode mining claims to prove that at the time when the grantors of the appellee made applications for the placer patents any veins or lodes of quartz or other rock in place bearing valuable mineral deposits were known to exist.

[1] The sole question presented for decision is the question of law whether upon the evidence the court below erred in decreeing to the appellee the relief which was prayed for and dismissing the appellant's cross-bill. The patents to the placer claims issued to the appellee's grantors conveyed all the mineral therein, including veins or lodes not known to exist at the time of the respective applications for patent. Sullivan v. Iron Silver Mining Co., 143 U. S. 431, 12 Sup. Ct. 555, 36 L. Ed. 214. By introducing those patents in evidence the appellee established, prima facie, title to all the lands described therein, including all ores and minerals lying within the boundaries thereof. Iron Silver Mining Co. v. Mike & Starr Gold & Silver Mining Co., 143 U. S. 394, 401, 12 Sup. Ct. 543, 36 L. Ed. 201.

[2] The evidence submitted by the appellant was insufficient to overcome the prima facie case so made, and this for two reasons: First, the application for the appellee's placer patent for the land within which the Resurrection claim is located is prior by 4 years to the Pay Streak location, and 14 years prior to the Green copper location; second, the mere fact that mineral lode locations were made is not proof that the ground on which they were located contained a vein or lode within the meaning of section 2333 of the Revised Statutes (U. S. Comp. St. 1901, p. 1433). A mere location of an alleged vein or lode is not sufficient to prove that a vein or lode was known to exist. Migeon v. Montana Central Ry. Co., 77 Fed. 249, 23 C. C. A. 156. The lode or vein which is known to exist so as to be excluded from the patent must be one which contains mineral of such extent and value as to justify expenditures for the purpose of extracting it. Migeon v. Montana Central Ry. Co., 77 Fed. 249, 23 C. C. A. 156; Casey v. Thieviege, 19 Mont. 342, 48 Pac. 394, 61 Am. St. Rep. 511.

[3] Where mining claims which have passed out of the hands of the original owners have stood unchallenged for years, and have been

developed to a considerable extent, the certificate of location, if in due form, may be deemed presumptive evidence of discovery and of a valid location. Vogel v. Warsing, 146 Fed. 949, 77 C. C. A. 199; Cheesman v. Hart (C. C.) 42 Fed. 98. But in the absence of such grounds for indulging a presumption in favor of the integrity of the location, it is held that the location notice is, when recorded, prima facie evidence only of what the statute requires it to contain, and which is therein sufficiently set forth. Strepey v. Stark, 7 Colo. 614, 5 Pac. 111; Flick v. Gold Hill & L. Min. Co., 8 Mont. 298, 20 Pac. 807; Bizmarck Gold M. Co. v. North Sunbeam Gold Co., 14 Idaho, 516, 95 Pac. 14. Revised Statutes, § 2324 (U. S. Comp. St. 1901, p. 1435) require that the certificate of location shall contain the names of the locators, the date of the location, and such a description of the claim by reference to some natural object or permanent monument as will identify it. The certificates of prior lode locations submitted in evidence by the appellant complied with the statute under which they were made. But they are not proof of discovery or of the existence of a vein or lode which would justify exploitation, and especially should this be held where there is no evidence that the claims were ever developed, and that they were not abandoned.

The decree is affirmed.