## CAMPBELL et al. v. McINTYRE.

(Circuit Court of Appeals, Ninth Circuit. January 7, 1924.)

No. 4001.

1. Mines and minerals ⊜⇒27(2)—Trespasser cannot locate lode claim discovered within boundaries of placer claim.

While a valid location may be made of a known lode claim within the boundaries of a placer claim owned by another, if done peaceably and in good faith, where a vein or lode is not known to exist within the boundaries of a valid placer claim, no person other than the owner has the right to enter on the placer claim for the purpose of discovery and location, and one who does so, without the consent or knowledge of the owner, is a trespasser, and can acquire no right in a lode so discovered and located.

2. Mines and minerals ⊜⇒20(3)—Locator of placer claim may adopt corner stakes of adjoining claim as his own.

Under the mining laws of the United States and the statutes of Alaska, the locator of a placer claim may, with the consent of its owner, adopt two of the corner stakes of an adjoining claim as his own corner stakes.

In Error to the District Court of the United States for the Territory of Alaska, Division No. 4; Cecil H. Clegg, Judge.

Action at law by Archie McIntyre, administrator of the estate of William Grant, deceased, against William J. Campbell and J. L. Tobin. Judgment for plaintiff, and defendants bring error. Affirmed.

R. F. Roth, of Fairbanks, Alaska, for plaintiffs in error.
Morton E. Stevens, of Fairbanks, Alaska, for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. This case presents a contest between two quartz lode claim locators claiming the same premises, their locations being within the surface lines of a placer claim theretofore located by one of them. William Grant, now deceased, brought ejectment against the plaintiffs in error to recover possession of a placer mining claim, alleging also in the complaint his ownership and right of possession of the quartz location known as the Hillside lode claim, located partly upon and running through the said placer claim. The answer alleged title and possession of the Silver King lode mining claim, based upon a location alleged to have been made by the defendants on June 6, 1921, and prior to the location of said Hillside lode claim; both lode claims covering the same vein or lode. The jury returned a verdict for the plaintiff in the action, and judgment was thereupon rendered.

It was not disputed that on September 10, 1919, Grant entered upon the ground covered by his placer claim, named the Hill bench claim, and made discovery thereon and on April 19, 1920, returned to the ground in company with Hamilton, who owned an adjoining placer claim, known as the Horseshoe claim, and with Hamilton's consent adopted as corner stakes for his placer location two of the corner stakes of the Horseshoe claim, and on the following day placed stakes upon the other two corners of his claim, and on July 12, 1920, duly filed for record his location certificate. The placer claim as located contained an ex-

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cess of 3.664 acres. Later in the summer of 1920, one Quigley made discovery upon a lode on the hillside upon which the placer claim had been located, and on August 7, 1920, he located a quartz lode claim known as the Red Top lode, claiming 1,500 feet in length and 600 feet in width. Grant made no objection to Quigley's location. The area covered by Quigley's claim and so taken out of the placer claim reduced the area of the latter claim to a fraction of an acre less than 20. There was no evidence that any other vein or lode was then known to exist within the boundaries of the placer claim. In the spring of 1921, during the absence of Grant from his placer claim, the defendants entered upon the same, sunk shafts, discovered a lode, and on June 6, 1921, made location thereon as the Silver King lode mining claim. This was done without permission of Grant, and against his protest, and in disregard of his trespass notices. On July 25, 1921, Grant posted notice of discovery upon the same lode claim, set his stakes thereon, and located the same as the Hillside quartz claim, and on July 26, 1921, duly filed his location certificate.

[1] It is contended that it was error to refuse certain instructions requested by the plaintiffs in error. The answer is that by the instructions which were given the court covered all that was properly required for the protection of the defendants' rights. The court said to the jury that, if they found that the plaintiff had a valid placer location at the time when the defendants entered upon the same and discovered a lode or vein theretofore not known to exist within the boundaries of the placer claim, their acts were unlawful and they could not in that manner initiate any title to the lode or vein; that, where a vein or lode is not known to exist within the boundaries of a valid placer claim, no person other than the owner of the placer claim has the right to enter upon the same for the purpose of discovering such vein or lode and locating the same, and one who attempts to do so without the owner's consent, or without his knowledge, is a trespasser, and can acquire no rights to such lode claim; but that, if the jury found that the defendants located upon a known lode claim within the boundaries of the placer claim, and that their entry and discovery were made peaceably and in good faith, they had the right to make such discovery and location. In so instructing the jury the court followed principles of law that are well settled. Iron Silver Min. Co. v. Reynolds, 124 U. S. 374, 8 Sup. Ct. 598, 31 L. Ed. 466; Sullivan v. Iron Silver Min. Co., 143 U. S. 436, 12 Sup. Ct. 555, 36 L. Ed. 214; Clipper Mining Co. v. Eli Mining & Land Co., 194 U. S. 220, 24 Sup. Ct. 632, 48 L. Ed. 944; Duffield v. San Francisco Chemical Co., 205 Fed. 480, 123 C. C. A. 548; Thomas v. South Butte Mining Co., 211 Fed. 105, 128 C. C. A. 33.

[2] Error is assigned to the instruction to the jury that the locator of a placer claim may, with the consent of the owner of an adjoining claim, adopt any of such adjoining owner's stakes which may answer his purpose; and that it was for the jury to say whether or not such adopted stakes substantially answered the requirements of the law. The mining laws of the United States require no more than that the mining location "must be distinctly marked on the ground, so that its boundaries can be readily traced." The details of the manner of marking are left to be settled by the regulations of local mining districts, Del

Monte Min. Co. v. Last Chance Min. Co., 171 U. S. 55, 75, 18 Sup. Ct. 895, 43 L. Ed. 72, and it has generally been held that any marking on the ground, whether by monuments, mounds, or stakes, if sufficient to permit the boundaries of the claim to be readily traced, is a sufficient compliance with the requirements of the federal statutes. Charlton v. Kelly, 156 Fed. 433, 84 C. C. A. 295, 13 Ann. Cas. 518; Haws v. Victoria Copper Min. Co., 160 U. S. 303, 16 Sup. Ct. 282, 40 L. Ed. 436. In Alaska those requirements have been added to by the territorial Legislature. The local statute requires that at each corner of the claim a substantial stake, post, or other monument shall be placed. If the same is a stake or tree, it must be not less than 3 feet in height and not less than 3 inches in diameter, hewed on four sides, each to be marked with the name or number of the claim and the number of the corner, and that upon the initial post or stake there shall be posted the name and number of the claim, the name of the locator, the date of discovery and of posting the notices, and the number of feet in length and width of the claim.

For instructing the jury as the court did we do not think the judgment should be reversed. Courts have been liberal in construing the provisions of such statutes and mining regulations, having reference to the circumstances under which and the character of the persons by whom they are to be complied with. Talmadge v. St. John, 129 Cal. 430, 62 Pac. 79; Book v. Justice Min. Co. (C. C.) 58 Fed. 106. The governing principle in all such cases seems to be that the claim must be marked in substantial compliance with the local regulations. We see no reason why the corner posts of an adjoining well-known placer claim may not, with the consent of the owner of such adjoining claim, be adopted as corner posts by the locator. Such adoption does not in any way tend to create confusion as to the boundaries of the claim so located. It is not unlike the case of the adoption of the stakes of a prior location which has been abandoned, as in Conway v. Hart, 129 Cal. 480, 62 Pac. 44, and Brockbank v. Albion Min. Co., 29 Utah, 367, 81 Pac. 863. In Eaton v. Norris, 131 Cal. 561, 63 Pac. 856, the court sustained claims where two adjoining locations were each marked by stakes set at the four corners, two thereof being stakes upon the dividing line and common to both claims.

Under proper instructions the court submitted to the jury the question whether the vein or lode claimed by the defendants was or was not known to exist within the boundaries of the plaintiff's placer claim at the time when the defendants entered the same. In that connection the court adverted to the fact that the plaintiff admitted that a true lode or vein had been discovered by Quigley within the limits of the placer claim as originally staked, and instructed the jury that if Quigley's location was made with the plaintiff's acquiescence, or without his objection, then such part of the placer claim as was either cast off by the plaintiff or included in the Quigley location could not thereafter be deemed a part of plaintiff's placer claim, and further instructed the jury that there was no controversy in the case between the plaintiff and Quigley.

It is contended that there was inconsistency between the instructions as to the Quigley location and the instructions as to the defendants'

location. There can be no question, however, but that the court properly instructed the jury that there was no controversy between the plaintiff and Quigley, and that the plaintiff had acquiesced in the Quigley location and thereby had cast off the excess of the acreage in his placer claim. And if, indeed, there was inconsistency between what was said by the court in reference to the Quigley location and what was said with reference to the law applicable to the defendants' location, it is immaterial to the present case, for it is clear that the jury were properly instructed as to the law pertaining to the defendants' location.

We find no error. The judgment is affirmed.