## Case No. 11,315.

POSTMASTER GENERAL v. USTICK et al.

[4 Wash. C. C. 347.] [1]

Circuit Court, D. New Jersey. April Term, 1825.

PLEADING—DEMURRER TO PLEA CHARGING FRAUD —SUIT ON POSTMASTER'S BOND—FAILURE TO BRING SUIT.

Action by the postmaster general against a deputy postmaster, and his sureties, on the bond executed by them. The sureties plead, that the plaintiff did not, as he was bound by law to do, call upon the deputy to settle his accounts, or cause suits to be commenced against him for not so settling them, and paying the balance due by him; nor did he notify the sureties of the defaults of the deputy, but fraudulently, and in violation of his duty to the United States, and to the sureties, neglected to bring such suits, and to give such notice. The plaintiff demurred generally. The demurrer to the plea admitting the fraud stated in it, the plaintiff cannot recover.

[Cited in Sullivan v. Iron Silver Min. Co., 109 U. S. 555, 3 Sup. Ct. 343.]

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

This was an action of debt brought in the district court, in the name of the postmaster general of the United States, upon a bond given to the postmaster general by the defendants [Ustick. Potts and Allen], with condition that the defendant Ustick, who had been appointed postmaster at Burlington, should well and truly execute the duties of the said office; and once in three months, and oftener if required, render accounts of his receipts and expenditures, as postmaster, to the general post office, in the manner prescribed by the postmaster general; and should pay all the moneys that should come to his hands for postages to the postmaster general, deducting his legal commissions. The breach is, that, at divers days and times, after the date of the said bond, there came to the hands of Ustick, for postages, over and above his legal commissions, large sums of money, viz. the sum of $1,800, which sum he had neglected and refused to pay to the postmaster general, and still neglects and refuses, &c. Whereby, &c. Judgment by default was entered against the defendant Ustick, and several pleas were filed by the other defendants, his sureties, one only of which, in bar of the action, need be stated. After setting forth the provisions of the twenty-ninth section of the post office law of the 30th of April, 1810 [2 Stat. 592], the plea avers that Ustick did not render his accounts, and pay over to the postmaster general, the balance due by him at the end of every three months immediately following the date of the said bond, during his continuance in office, but wholly neglected to render such accounts, and to pay over such balances; nor did the postmaster general, within six months after the end of every three months, cause a suit to be commenced against said Ustick and the said defendants his sureties, for the balances due at the end of the said several periods of three months, nor did he give notice of such defaults of the said Ustick to the defendants, or either of them; but fraudulently, unlawfully and negligently, and in violation of his duty to the United States and to the defendants, neglected to cause such suits to be brought within the times aforesaid, or at any times, and to give such notice to the defendants of the defaults of Ustick. The plea further avers, that Ustick was able to pay the said balances at the times they became due, if he had been sued for the same according to law, but that at the time of bringing of this suit, he was and still is, wholly insolvent; by reason of all which the defendants allege that the postmaster general is charged with and liable for the said arrears, and not the defendants; who by the said fraudulent and negligent acts aforesaid. of the said postmaster general, are in law exonerated and discharged from any liability to the plaintiff. To this plea a general demurrer was put in, and judgment thereon was rendered for the plaintiff in the district court, from which

the cause came into this court by writ of error.

Mr. M'Ilvaine, for plaintiff.

Mr. Coxe, for defendant.

WASHINGTON, Circuit Justice. Whether the mere negligence of the postmaster general to comply with the duties so explicitly imposed upon him, of calling his deputies to account, and commencing suits against them, at the periods required by that law, or at other reasonable periods, is sufficient to discharge the sureties for such deputies, is a question of great difficulty and of vast magnitude, as well to the United States, as to the individual sureties for those deputies. It is one which I think need not be decided in this case; and I feel no disposition to give an opinion upon it until it does become necessary. The above plea, however, goes farther than alleging negligence and breach of official duty by the postmaster general. It not only avers his neglect to commence suits against Ustick for his alleged defaults, and to give notice of such defaults to the sureties, but that these omissions were practised fraudulently. This allegation being admitted by the demurrer, we are brought to the question, whether the omissions of the postmaster general stated in this plea, having proceeded from fraudulent motives, tending to the injury of the sureties, they are not discharged? I am of opinion they are. The plea in this case places the defence upon the broad ground of actual as well as of constructive fraud, and if issue had been taken on the plea, and the defendant had proved actual fraud, as for instance, declarations by the postmaster general to the sureties, tending to mislead them respecting the defaults of the principal, or an industrious concealment from the sureties, of the delinquencies of their principal, by reason of which they were prevented from averting the evil, or of saving themselves, there can be no doubt, I think, that the plaintiff could not have claimed a judgment in his favour against them, but would be estopped by his own fraudulent conduct. But the demurrer admits the fraud as broadly as the plea avers it, and I am therefore of opinion that the judgment must be given for the defendant upon this plea.