Mr. Justice Johnson
 

 delivered the opinion of the Court.
 

 This cause has its origin in the case decided in this Court between
 
 Watts
 
 and Massie, in the year 1810.
 

 
 *558
 
 Former decision in this case revised and confirmed.
 

 Hole in Eqtoity as to who are necessary parties, how far applicable to this case.
 

 That suit came up from the Kentucky District, and was prosecuted there because Massie, the defendant, then resided in that State, and either was, or was supposed to be, actually seised of the land in question.
 

 Since that decision, it has been ascertained that the present defendants are in possession of the land, or the greater part of it; and Massie also having changed his residence to Ohio, this suit has become necessary, both to
 
 enforce
 
 the former decree against him, and to obtain relief against the actual possessors of the land.
 

 In the course of discussion, the Court has been called on to review its decision in
 
 Watts
 
 and Massie, arid it has patiently heard, and deliberately considered, the able and well-conducted argument ou this subject. But, after the maturest reflection, it adheres.to the opinion that, whether the case be viewed with reference to the time, intent, and meaning of the calls, to analogy to decided cases, or convenience in the voluntary adoption of a principle of the most general application ; that laid down in the case of
 
 Watts
 
 and
 
 Massie,
 
 for running the lines of the land called for, cannot be deviated from. So far, therefore, ás Massie himself, and his privies in estate, are concerned, Watts is now entitled to the full benefit of that decision.
 

 But there are various other defendants, and several, grounds of defence assumed in this case, which are unaffected by the decision referred to.
 

 It is contended, in the first place, that there is a radical defect of parties. That the representatives
 
 *559
 
 of O'Neal and Seott,~throughwhoth the complainant éláims, and those of Powell and Thomas Massie, supposed to be. hostile to his interests, ought to. have been made parties.
 

 ~rinc~p~e applied to the re~ lief of bone fide purchasers without notice, not applicable to this case.
 

 On this point there may be `given one general answer. No one• need be made a party complainant in whom there exists no jr rest, and no one party defendant from whom not~ung is demanded. Watts rests his case upon the averment .that all the interests once vested in O'Neal and the Seots, now centre in bimself~ and, provided he can recover the land now In possession of those actually made defendants, he is contented• ~afterwards to meet the just claims of any Others who are not made defendants. No rights w~1l be affected by his recovery, but those of the actual defendants, and those claiming through them. As to the supposed . interference of the lines ordered. to be surveyed, with those of Thomas Massie, or Powell, the former is merely hypothetical by way of reference, or imaginary; and' the latter is only asserted on the ground that Massie had, acquired all• the interest in Powell's survey that Powell ever had. There was therefore nothing to demand of Powell, as the `case is exhibited by the record. . It must be subject to these modifications, that the obiter dict~im~ of the Court, in the case of Simms and Guthrie, is to be understood.
 

 It is next contended, in behalf of Ker~, an ci several other defendants, that they claim through purchasers who were bona Jide purchasers without notice, fQr a valuable ~onsideration. And at first view it would seem, that the principles so often applied to the re
 
 *560
 
 lief of innocent purchasers, are applicable to the case of these defendants, wherever the facts sustain the defence. But it. will n~ do at this day, to apply this principle to the case of purchasers of military land-warrants, derived under the laws of Virginia. in all the Courts in which such cases have come under review, the purchasers have been considered as affected by the record notice of the entry, and also of the survey, such as it legally ought to be made, as incident to, or bound up in the entry. It is altogether a system sui generis, and subsequent purchasers are considered as acquiring the interest of the entror, and not necessarily that of the State. So that purchasers under conflicting entries are considered as purchasing under distinct rights, in which case the principle here contended for does not apply; since the ignorance of a purchaser of a defective ti - tie, cannot make that title good, as against an independent and better right. rilbese principles may safely be laid hold of, to support a doctrine which, however severe occasionally in its operation, was perhaps indispensable tè the protection of the interests acquired under military land-warrants, wh~n we take into .consideration the facility with which such interests might otherwise, in all cases, have been defeated by early transfers.
 

 The former decree, how far ~`ouclusiye in die nresent case.
 

 It is further contended, that the defendants are not bound by the decree in the case of I'Vatts and Massie, becauseneither parties, nor privies, nor pen-dente lite purchasers. - - -
 

 That those who come not into this Court, in any one of those characters, are not subject to the direct
 
 *561
 
 and binding efficacy of an adjudication, is unquestionable. But it is not very material as to the principal question in this case, whether the parties are to be. affected -by the former adjudication directly, or by the declared adherence of this Court to the doctrines established in that case. The consequence to the parties on the merits of the case is the same.
 

 But in one view it'is material, and that is with regard to the proof of the exhibits, through which Watts, the complainant, deduces his title through the Scots from O’Neal.. As Massie, in the former case, (the record of which is made a proof of this,) acquiesced in this deduction of Watts’ title; we are of opinion that it is, as to him and his privies in estate, a point conceded. As to parties and privies, the principle cannot be contested ; and as to
 
 pendente lite
 
 purchasers, .it is not necessary to determine the question, since the only defendants who have appealed from the decision below, to wit, Kerr, the Kirkpa-tricks, Doolittle, and the Johnsons, claim under purchases made long anterior to this scrip, in Kentucky.
 

 Those defendants certainly were entitled to a plenary defence, and where they have, by their answers, put the complainant upon proof of his allegátions, as to his deduction of title, the question arises, whether it appears from the record that the deduction of title was legally proved.
 

 There can be no doubt that this question passed
 
 sub silentio
 
 in the Court below, but it does not appear from any thing on the record, that the point was waived ; and we are not at liberty to look be
 
 *562
 
 yond the record for the evidence on which the deduction of title was sustained.
 

 Although we entertain no doubt, that exhibits may, on the trial, be proved by parol testimony, yet a note on the minutes, or on the exhibit, became indispensable to transmit the fact to this Court; and as the case furnishes no such memorandum, we must consider the assignments through which Watts derived his title from O’Neal, as not having been established by evidence. Such was thb decision of this Court in the case of
 
 Drummond
 
 v.
 
 M'Gruder.
 

 But Kerr is the only one of these appellants who has expressly put the complainant on proof of his title. The rest of the appellants having passed over this subject without any notice in their answer, the question is, whether they waived their right to call for evidence to prove these exhibits. We are of opinion they have not ,* and that the complainant is always bound to prove his title, unless it be admitted by the answer.
 

 There are two principles of a more general nature, of which all the appellants claim the benefit, and which, as the cause must go back, will require consideration..
 

 It is contended, that Nathaniel Massie was the. acknowledged agent of both O’Neal and Watts, and that the complainant is precluded by his acts done in that capacity. This argument is resorted to, as well to. fasten on Watts the survey madg in bis behalf above the town of Chilicothe, as a relinquishment of all claim to a location at the place now contended for in his behalf. But in neither of these views-
 
 *563
 
 can this Court apply this principle in favour of the defendants; for, it follows from the principles established for surveying O'Neal's entry, that the survey made by Massie on O'Neal's entry, was illegal and void;, and, certainly, ~when employed in locating the entries made in favour of Powell and himself, Massie' was not acting as the agent of O'Neal or Watts, but as the agent of Powell, or, in fact, in his own behalf. The survey, on which this argument. rests, was at best but partial; and .it is conclusive against it to observe, that the powers of Massie, as agent of Watts, were limited to the entry and mechanical acts of the survey. The recording of. that survey, and all those solemn acts which give, it legal validity, it does not appear that his powers extended to. Watts n&~er recognised that survey, or assumed the obligatory effects of it by any act of his own, and in fact, in the event, (though not a material circumstance to the result we rome to,) it has since been a~certa~ned that it was not only made off Watts's entry, but on land appropriated by another.
 

 Surveys under the military land warrants of Virginia have not the effect on a res judiscata
 

 But it has been contended, also, that all these surveys actually made on the military, land warrants of Virginia, derive the authenticity and force of judicial acts, or of acts done by the general agents of the continental officers respectively, from the superintending and controlling powers vested in the deputã-tions of officers. as the law denominates them, appointed by themselves to superintend the appropriation of the military reserves set apart for their. use. It is to be presumed, it is contended, that every survey made by their authorized surveyors, was
 
 *564
 
 made under, their control and direction. This Court does not feel itself authorized to raise any such presumption.. The-powers actually exercised by those commissioners, wefe limited to very few objects. The surveying of. entries: at a very early period, became a judicial subject. And the commissioners, or rather, deputations of, officers, never assumed a right to adjust the .conflicting, interests of individuals Upon the. locating .and surveying of such entries. To appoint surveyors, to. superintend and direct the drawing of lots fpr precedence among the locators, to direct the surrey for officers and soldiers not present or not represented, and to determine when the good lands, bet veen the Cumberland-and Tennessee should be ,exh usted,/comprehended all the powers With which they/were,vested.. As individual agents capable; of binding ,théir principals, they appear in one case, and only; one, which was . when the officer or soldiér was. absent and unrepresented And as to. judicial powers, there is no provision of the act that vests them with a semblance of such a power, unless it be to judge of the. right of priority as determihed by lot. But here, also,- they appear more properly in the character of ministerial officers'discharging a duty without the least latitude of judgment or dis-. cretion. Their powers in nothing resemble that of the Courts of Commissioners established through the back counties of Virginia. As to the subjects submitted to the boards so constituted, (of which military warrants were no part,) those boards were expressly vested with judicial power. But the powers of the deputations of officers were purely ministerial.
 
 *565
 
 Ánd'ií it be admitted, that they might have exercised the power of defining the principles on whioh surveys should have been made, vet it is certainly incumbent • on him who would avail himself of that power, to show that it was exercised, and to bring himself within the rules prescribed by their authority.
 

 Decree reversed as to these appellants, and sent back- for further proceedings.