# SULLIVAN and Others *v.* IRON SILVER MINING COMPANY.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

Submitted November 6th, 1883.—Decided December 17th, 1883.

*Mineral Lands—Pleading—Statutes.*

A demurrer admits all facts well pleaded.

Under the Colorado Code of Civil Procedure, as at common law, facts may be pleaded according to their legal effect, without setting out the particulars that lead to it; and necessary circumstances implied by law need not be expressed in the plea.

In an action by the patentee of a placer claim to recover possession of a vein or lode within its boundaries, an answer alleging that the vein or lode was known to the patentee to exist at the time of applying for the patent, and was not included in his application, well pleads the fact which, under § 2333 of the Revised Statutes, precludes him from having any right of possession of the vein or lode.

*Mr. T. M. Patterson* for plaintiffs in error.

*Mr. G. G. Symes* for defendant in error.

Mr. Justice Gray delivered the opinion of the court.

This action was brought by the Iron Silver Mining Company, owning a tract of land or mining claim, known as the Wells and Moyer placer claim, described by metes and bounds in the complaint, against Sullivan and others, to recover possession of part of the tract, likewise described, from which it had been ousted by the defendants. The answer originally filed was demurred to, and the demurrer sustained.

The defendants thereupon, by leave of the court, filed an amended answer, alleging that, on the 11th of March, 1879, the United States issued to Wells and Moyer, the grantors of the plaintiff, for the premises described in the complaint, and known as No. 281, upon the application for and entry of the premises as the Wells and Moyer placer claim, a placer patent, or patent of and for a placer mining claim, containing the following restrictions and exceptions:

" First. That the grant hereby made is restricted in its exterior limits to the boundaries of the said lot No. 281, as hereinbefore described, and to any veins or lodes of quartz, or other rock in place, bearing gold, silver, cinnabar, lead, tin, copper, or other valuable deposits, which may hereafter be discovered within said limits, and situate, and not claimed or known to exist at the date hereof.

" Second. That should any vein or lode of quartz, or other rock in place, bearing gold, silver, cinnabar, lead, tin, copper, or other valuable deposits, be claimed or known to exist within the above-described premises at the ·date hereof, the same is expressly excepted and excluded from these presents."

The amended answer also alleged " that at the time of the location of said placer claim, and the survey thereof, and at the time of the application for said patent, and at the time of the entry of said land thereunder, and at the time and date of the issuing and granting of said patent, a lode, vein, or deposit of mineral ore in rock in place, carrying carbonates of lead and silver, and of great value, was known to exist, and was claimed to exist, within the boundaries and underneath the surface of said Wells and Moyer placer claim No. 281 ; and that the fact that said vein was claimed to exist, and did exist as aforesaid within said premises, was known to the patentees of said claim at all the times hereinbefore mentioned ;" and " that the said application for said patent by said patentees and grantors of said plaintiff did not include any application whatever for a patent of or to said lode or vein within its boundaries aforesaid. Wherefore these defendants aver that the said failure to include said vein or lode in said application amounted to a conclusive declaration by said patentees that they made no claim whatever to said lode or vein, or any part thereof, and that the same was expressly excepted and excluded from, and did not pass with the grant of said premises in and by said patent for said premises."

The amended answer further alleged that on the 1st of January, 1883, the defendants, then and now being citizens of the United States, went upon the premises last described in the complaint, and sunk a shaft thereon, which uncovered and ex-

posed said lode, vein, or deposit; and thereupon proceeded to and did locate the same as a lode claim, by erecting a notice containing the name of the lode, the date of the location, and their own names as locators, and marked the surface boundaries by posts; and afterwards caused to be filed a location certificate containing the name of the lode, the names of the locators, the date of the location, the number of feet in length claimed on each side of the centre of the discovery shaft, and the general course and direction of said claim as near as might be. "Wherefore the defendants claim the right to occupy and possess the said premises in full accordance with, and by virtue of a full compliance with, the requirements of the laws of the United States, and of the State of Colorado, the said vein, lode, or deposit being a part and parcel of the unappropriated public mineral domain of the United States; and that the acts and doings of the defendants as hereinbefore set forth constitute the said supposed trespass complained of by the plaintiff."

The plaintiff demurred to the amended answer, because neither of its allegations set forth any defence; because it showed that neither the defendants nor their grantors had duly discovered, located, or recorded, any lode or vein such as is described in § 2320 of the Revised Statutes, at or before the time of the application for the placer patent, but that the defendants located their lode claim within the boundaries of the patented ground after the issuing of the placer patent; and because the applicants for the placer patent were not required to apply for the vein or lode claim, unless it had been duly discovered, located and recorded, and was owned by the applicants for the placer patent at the time of applying for the patent.

The circuit court sustained the demurrer to the amended answer, and gave judgment for the plaintiff, and the defendants sued out this writ of error.

The question in this case arises under § 2333 of the Revised Statutes, the different provisions of which will be more clearly distinguished from each other, without affecting the meaning of either, by separating them by periods, as follows:

"SECT. 2333. Where the same person, association or corporation

is in possession of a placer claim, and also a vein or lode included within the boundaries thereof, application shall be made for a patent for the placer claim with the statement that it includes such vein or lode, and in such case a patent shall issue for the placer claim, subject to the provisions of this chapter, including such vein or lode, upon the payment of five dollars per acre for such vein or lode claim, and twenty-five feet of surface on each side thereof. The remainder of the placer claim, or any placer claim not embracing any vein or load claim, shall be paid for at the rate of two dollars and fifty cents per acre, together with all costs of proceedings. And where a vein or lode, such as is described in section twenty-three hundred and twenty, is known to exist within the boundaries of a placer claim, an application for a patent for such placer claim which does not include an application for the vein or lode claim shall be construed as a conclusive declaration that the claimant of the placer claim has no right of possession of the vein or lode claim. But where the existence of the vein or lode in a placer claim is not known, a patent for the placer claim shall convey all valuable mineral and other deposits within the boundaries thereof."

The section referred to in the third subdivision of this section is as follows:

"Sect. 2320. Mining claims upon veins or lodes of quartz or other rock in place, bearing gold, silver, cinnabar, lead, tin, copper or other valuable deposits, heretofore located, shall be governed as to length along the vein or lode by the customs, regulations and laws in force at the date of their location. A mining claim located after the tenth day of May, eighteen hundred and seventy-two, whether located by one or more persons, may equal, but shall not exceed, one thousand five hundred feet in length along the vein or lode; but no location of a mining claim shall be made until the discovery of the vein or lode within the limits of the claim located. No claim shall extend more than three hundred feet on each side of the middle of the vein at the surface, nor shall any claim be limited by any mining regulation to less than twenty-five feet on each side of the middle of the vein at the surface, except where adverse rights existing on the tenth day of May, eighteen hundred and seventy-two, render such limitation necessary. The end lines of each claim shall be parallel to each other."

The counsel of both parties in their arguments have discussed the question whether a vein or lode included within the boundaries of a placer claim, the application for which does not include an application for the vein or lode claim, is excepted out of the patent for the placer claim, if at the time of the application it is known to the applicant to exist, but no claim to the vein or lode has been located.

In accordance with the view expressed by the circuit court in the opinion delivered on sustaining the demurrer to the original answer, and reported in 16 Fed. Rep. 829, the defendants in error maintain that by virtue of § 2333, taken in connection with § 2320 therein referred to, a vein or lode within the boundaries of a placer claim is not excepted from a patent for the placer claim, unless a claim for the vein or lode had previously been located according to § 2320.

The plaintiffs in error contend that if the existence of the vein or lode is known to the applicant for a placer claim, he must include in his application for the placer claim an application for the vein or lode claim, and pay for the latter at the higher rate, in order to obtain any title to it.

The circuit court treated the question of the construction of this statute as one of much difficulty and of some doubt, and as affecting numerous cases. This court should not express an opinion upon it, unless its determination is necessarily involved in the adjudication of the case at bar.

We are of opinion that the question is not presented for adjudication upon the record before us. The amended answer alleges that at the times of the location and survey of, entry upon, and application and patent for, the placer claim, the lode or vein was known to exist, and was claimed to exist, within the boundaries and underneath the surface of the placer claim, and the fact that the vein was claimed to exist and did exist within the premises was known to the patentees of that claim. The phrase " claimed to exist," as used in the amended answer, apparently intending to follow the form of patent therein set forth, is not indeed a statement that a claim for the vein or lode had been in due form made and located, but only that it was contended that the vein or lode existed   But the further

allegation in the answer, that the vein was known by the patentees to exist at the times mentioned, is an allegation, in the very words of the statute itself, of the fact which the statute declares shall be conclusive against any right of possession of the vein or lode claim in a claimant of the placer claim only.

Whether the words "known to exist," as used in the statute, are satisfied by actual knowledge of the applicant, or imply also a located claim for the vein or lode, the same meaning must be attributed to them in the amended answer; and the fact signified by the statute is well pleaded; for, by the elementary rules of pleading, facts may be pleaded according to their legal effect, without setting forth the particulars that lead to it; and necessary circumstances implied by law need not be expressed in the plea. Bac. Ab. Pleas and Pleading, I., 7; Co. Lit. 303 *b*. The fact that the vein or lode was known to exist as contemplated by the statute being well pleaded, although in general terms, is admitted by the demurrer. *Eaton* v. *Southby*, Willes, 131; *Postmaster-General* v. *Ustick*, 4 Wash. C. C. 347; *Christmas* v. *Russell*, 5 Wall. 290. In order to present the issue discussed in argument, the plaintiff should either have traversed the allegation, or have replied that no claim for the vein or lode had been located at the time in question.

We find nothing in the statutes of Colorado which changes the rules of the common law in this respect. See Colorado Code of Civil Procedure of 1877, §§ 48, 49, 52, 61.

The judgment must therefore be reversed, and the case remanded to the circuit court, with liberty to either party to move in that court to amend the pleadings.

*Judgment reversed*