*LEWIS BOLTZ v. EMMA ELIZABETH RILEY, ET AL.

**1. Power to Dispose of Lands by Will Requires Same Formalities of Execution as Deed.**

A power to dispose of lands by will must be executed with the same formalities as are necessary in a deed directly conveying the land.

**2. Will Creating Power to Dispose Must Contain Definite Description of Lands.**

The instrument creating the power must contain a sufficient definite identification of the lands to be disposed of.

[Syllabus by the court.]

APPEAL from common pleas court.

*Matz & Kremer,* for plaintiff:

Cited and commented upon the following authorities: Bisham, Equity Sec. 75, p. 116; 31 Cyc. 1148; *Blagge v. Mills,* 1 Story (Mass.) 426; Sudgen, Powers 404; *Gwinne v. Gwinne,* 11 Dec. 429 (8 N. P. 307); *Kling v. Bordner,* 65 Ohio St. 100 [61 N. E. Rep. 148]; *Broadrup v. Woodman,* 27 Ohio St. 553; *Mathews v. Leaman,* 24 Ohio St. 615; *Shehy v. Cunningham,* 81 Ohio St. 289 [90 N. E. Rep. 805; 25 L. R. A. (N. S.) 1194]; *Hurd v. Robinson,* 11 Ohio St. 234; *Schlief v. Hart,* 29 Ohio St. 150; *Morgan v. Spangler,* 14 Ohio St. 102, 115; *Proctor v. Snodgrass,* 3 Circ. Dec. 268 (5 R. 547); affirmed, no op., *Snodgrass v. Proctor,* 53 Ohio St. 644; *Hildebrand v. Fogle,* 20 Ohio 147; *Stambaugh v. Smith,* 23 Ohio St. 585; *Barton v. Morris,* 15 Ohio 408; *Ashworth v. Carleton,* 12 Ohio St. 381.

*Lynch & Lynch,* for defendant:

Cited and commented upon the following authorities: *Bebout v. Quick,* 81 Ohio St. 196 [90 N. E. Rep. 162]; *Huston v. Cone,* 24 Ohio St. 11; *Hibbs v. Insurance Co.* 40 Ohio St. 543; *Corry v. Lamb,* 45 Ohio St. 203 [12 N. E. Rep. 660]; *Charch v. Charch,* 57 Ohio St. 561 [49 N. E. Rep. 408]; 31 Cyc. 1043; *Clark v. Graham,* 19 U. S. (6 Wheat.) 577 [5 L. Ed. 334].

---

*Reversed, no op., Riley v. Boltz, 90 O. S. 000; 59 Bull. 189.

**POLLOCK, J.**

The plaintiff in his petition alleges that he is the owner in fee simple and in actual possession of a certain tract of land in this county, which is described therein in four tracts, containing in all 160 acres. He further says that the defendants claim some interest or estate in said premises adverse to the rights of plaintiff, which claim of the defendants is unfounded, but is a cloud upon plaintiff's title, and he asks that his title to said premises be quieted against any claims of the defendants.

To this petition, the defendant, Emma Elizabeth Riley, filed an answer, in which she claims that she is the owner in fee of the undivided one-ninth part of the first three tracts described in the petition, containing 120 acres, and she asks that she may be protected in her rights and her title quieted to the undivided one-ninth part of these premises, and for all other relief that may be just and equitable. A reply was filed by the plaintiff denying the interest of the defendant, Emma Elizebeth Riley, in said premises.

The facts in this case show that Mary Ann Boltz, the wife of Lewis Boltz, was a daughter of Rudolph Zesiger, and that the defendant, Emma Elizabeth Riley, is a daughter of the plaintiff and Mary Ann Boltz.

In 1868 plaintiff purchased the first three tracts described in the petition for a consideration of $3,500.00; that at the time he borrowed from Rudolph Zesiger $800.00, giving his promissory note therefor, which money was used in making the first payment on this property; that on May 18, 1871, a calculation of the interest on this note and another note for $800.00 held by Zesiger against the plaintiff was had, and the difference between the amounts due on these notes and $2,000.00 was given by Zesiger to Boltz, and the notes were surrendered to him, and then plaintiff and his wife gave to Zesiger the following written receipt and agreement:

"Received of Rudolph Zesiger, $2,000.00, with which we purchased land in the name of Lewis Boltz, which we agree is in full of our interest in the estate of said Zesiger in our individual or collective capacity, and which we agree shall be disposed

of according to the last will and testament of said Rudolph Zesiger.

Witnesses: Lewis Boltz, Mark Williams, Mary A. Boltz, Jacob Walters, May 18th, 1871."

On September 21, 1871, Rudolph Zesiger made his will, which after his death was admitted to probate by the probate court of this county. The seventh item of said will is as follows:

"My daughter, Mary Ann, who is intermarried with one Lewis Boltz, has been by me fully paid to the amount of $2,000.00 in cash with which the said Lewis Boltz purchased a tract of land in his own name. My will is that at the death of my said daughter, Mary Ann, the lands so purchased with my said funds descend to the heirs of my said daughter, Mary Ann Boltz, according to the agreement and receipt given me by said Boltz and wife, Mary Ann."

Prior to the bringing of this action Mary Ann Boltz had deceased, leaving nine children, of which Emma Elizabeth Riley was one.

If the defendant, Emma Elizabeth Riley, can maintain her claim to being the owner of the one-ninth interest in the premises in dispute, it must be by virtue of the power conferred on Rudolph Zesiger by the written agreement to convey this property by will. If this paper writing, for any reason, is not sufficient for that purpose, then it follows that the subsequent devise by him must fail. This brings us to the question whether the power to dispose of real estate must be created by an instrument which would itself be sufficient to dispose of such property. Objection is made to this instrument for the reason that it is not acknowledged by Lewis and Mary Ann Boltz as the laws of this state require instruments to be, which are designed to convey the title to real estate.

*Clark* v. *Graham,* 19 U. S. (6 Wheat.) 557 [5 L. Ed. 334], first and second sections of the syllabus, announces this principle:

"1. A power to convey lands must possess the same requisites, and observe the same solemnities, as are necessary in a deed directly conveying the land.

Boltz v. Riley.

"2. A title to land can only be acquired and lost according to the laws of the state in which they are situate."

The second paragraph only affirms the rule announced by the same court in the case of the *United States* v. *Crosby*, 11. U. S. (7 Cranch.) 114 [3 L. Ed. 287].

Justice Marshall, in the opinion in *Johnson* v. *Yates*, 39 Ky. (9 Dana) 491, 500, uses this language:

"It is a familiar principle applicable to the execution of powers, that the estate cannot pass by appointment under the power, unless it could have been passed by the deed or instrument creating the power, and that the appointment operates as if it had been inserted in the original deed."

In 31 Cyc., 1043, referring to the above cases as authority, it is said:

"A power to dispose of property must be created by an instrument which would itself be sufficient to dispose of such property."

Indeed it would seem to be itself evident that one cannot confer upon another power to convey his property except by an instrument executed with all the solemnities that would be required if he himself conveyed the property. The only way that the owner can transfer the title to his real property in this state, to another, is by a written instrument executed according to the statute providing for the execution of deeds, or by will. No one claims that the instrument which defendant claims empowered Zesiger to dispose of this property was intended as a will, and at the time this instrument was executed the statute of this state required, as it does now, that all deeds, mortgages, or leases, of an estate or interest in real estate, be signed by the grantor and acknowledged before a proper officer. The instrument conferring the power on Zesiger to will this property does not contain an acknowledgement as required by the laws of this state, and for this reason the devise by him to defendant must fail.

Again, the objection is made that the instrument contains no description of the property which is the subject of the power. The only reference in the written memoranda to the property which should be disposed of according to the will of Zesiger is

as follows: ''Received of Rudolph Zesiger $2,000.00, with which we purchased land in the name of Lewis Boltz * * * It follows that this writing does not describe any real estate, but that it will require oral testimony to supply the description of the property intended by the parties to be the subject matter of this agreement. The Supreme Court of this state has said:

''The memorandum in writing which is required by the statute of frauds (R. S. 4199; Gen. Code 8621) is a memorandum of the agreement between the parties, and it is not sufficient unless it contains the essential terms of the agreement expressed with such clearness and certainty that they may be understood from the memorandum itself, or some other writing to which it refers without the necessity of resorting to parole proof.''

''To make a valid contract to leave an estate including real property to another by will, it is not only necessary that the contract or memorandum thereof shall be in writing, signed for purpose of giving it authenticity as an agreement, but the terms of the agreement must be expressed with reasonable certainty in the writing, and it must contain a sufficient definite identification of the property to be disposed of.'' *Kling* v. *Bordner,* 65 Ohio St. 86 [61 N. E. Rep. 148].

If the contract agreeing to convey one's own property by will to another in order to be valid must contain a definite identification of the property, then certainly a contract conferring the power to dispose of another's real estate by will must contain a like identification.

Again, in the opinion in the case of *McConnell* v. *Brillhart,* 17 Ill. 354 [65 Am. Dec. 661], the court says:

''The writings, notes or memorandum shall contain on their face, or by reference to others that are traceable, the names of the parties, vendor and vendee, a sufficient, clear and explicit description of the thing, interest, or property, as will be capable of identification and separation from all other of like kind.''

Applying this rule to the present case, what do we find? The property for which the defendant claims the memorandum calls, was purchased by Lewis Boltz for $3,500.00, and the testimony shows that of the money referred to by this mem-

Boltz v. Riley.

orandum, only $800.00 was used in the purchase of this property. No better illustration of the wisdom of the rule that the written memorandum must contain a definite description of the property and not be left to the uncertainty of oral testimony could be found. The same objection would prevail in permitting oral testimony to be used to supply the material part of a written contract, that there is to permit an entire conveyance of real estate to be supplied by oral testimony, where a written one is wanting.

The writing "must contain such words as will enable the court, without danger of mistake, to declare the meaning of the parties; it must obviate the necessity of going to oral testimony and relying on treacherous memory, as to what the contract was. *Kling* v. *Bordner, supra.*

Oral testimony may be received to apply or identify a description in a written contract, but it would be a violation of the statute to permit it to be used to supply the description. In the written memorandum upon which the defendant relies, no description of the property is attempted. It says, "with which we purchased lands * * * * and which we agree shall be disposed of according to the last will." This writing furnishes no description of the property which was the subject matter of the agreement, and oral testimony must be used to supply the description of the property intended.

We think for either of these reasons the defendant has failed to sustain her action.

**Norris** and **Metcalfe, JJ.,** concur.