## UNITED STATES v. POWERS.

### (District Court, W. D. Michigan, S. D. July 5, 1921.)

1. **War ☞4—Fact that contract by government was made under stress of war does not avoid it.**

   Though a contract by a wool dealer, whereby he agreed to the limitation of profits fixed by regulations of the War Industries Board, was entered into under stress of war conditions, such conditions do not avoid the contract, or excuse failure to perform it where it is not shown that there was either coercion or duress.

2. **Evidence ☞83(1)—War Industries Board presumed to have acted in good faith, in absence of contrary showing.**

   In the absence of a showing to the contrary, it will be presumed that the War Industries Board in fixing the profit of wool dealers acted in good faith, believing it was authorized so to do.

3. **War ☞4—Congress can ratify good faith acts of War Industries Board.**

   Acts by the War Industries Board, in good faith believing they were authorized, can be approved or disapproved by Congress, and where contracts made by the board are affirmed by Congress, the other party thereto cannot challenge their validity, if they were such as Congress could in the first instance have authorized.

4. **War ☞4—Rights of parties under government contract controlled by legislation existing before suit was brought.**

   Where the contract in controversy between the War Industries Board and a wool dealer, whereby he was permitted to act as approved wool dealer at a stipulated profit, was confirmed by Congress long before the

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

commencement of the suit to recover excess profits resulting from its breach, the rights of the parties must be determined in view of such legislation.

At Law. Action by the United States against Serol E. Powers to recover profits on the sale of wool in 1918 in excess of those allowed under the regulations of the War Industries Board of the Council of National Defense. On motion to dismiss the declaration. Motion denied.

The declaration alleged that, pursuant to the provisions and under the authority of the act of Congress approved June 3, 1916, commonly known as the National Defense Act, and of the act of August 29, 1916, known as the Army Appropriation Act, and the act of Congress of August 10, 1917, commonly known as the Food Control Act, there was created a War Industries Board by appointment of the President; that the actions of the War Industries Board were subsequently ratified and confirmed by Act July 24, 1919, and Act May 31, 1920, making appropriations for the Department of Agriculture for the fiscal years 1920 and 1921, respectively, and also by the executive order of December 31, 1918; that the War Industries Board acting on behalf of the government, fixed the prices of the wool clip of 1918, and issued regulations for handling that clip, which provided, among other things, that it should be distributed through approved dealers, who should not be entitled to more than 1½ cents gross profit on the wool handled by them; that defendant applied for a permit to operate as an approved wool dealer, and agreed to be subject to the rules of the board, but that it made a gross profit on the total season's business in excess of the agreed 1½ cents a pound, whereby it became justly indebted to the United States for the full amount of the excess profits, and in consideration thereof promised to pay said sum to the United States.

To the declaration the defendant interposed a demurrer, or motion to dismiss, for the reasons that the acts of Congress referred to did not, in terms or by legal implication, empower the War Industries Board to make, issue, or enforce the regulations for handling the wool clip as set forth in the declaration, or to limit the dealer's profits; that the rules and regulations of the War Industries Board set forth in the declaration were made without authority of law, and were illegal and void; that the license issued to defendant and the agreement exacted of it was void; that the matters set forth in the declaration were insufficient as a matter of law to establish any legal liability.

L. S. Hulbert, Asst. Sol. of Department of Agriculture, of Washington, D. C., and Myron H. Walker, U. S. Atty., of Grand Rapids, Mich. Thomas Sullivan, of Hastings, Mich., for defendant.

SESSIONS, District Judge. The decision of this case rests upon well-established rules of law and little discussion is required. This is not a prosecution for a criminal offense arising out of a violation by the defendant of the regulations promulgated by a departmental agency of the government.

[1] In this instance the defendant entered into a contract, and so far as appears from the face of the pleadings there was neither coercion nor duress. It is true that it may be said the contract was entered into under stress of war conditions; but such conditions do not avoid contracts, and furnish no excuse for failure to perform them. In time of war broad powers are conferred upon the President of the

United States both by Constitution and by standing statutory enactments of Congress. The question of the power of the President, or of the War Industries Board organized under the President, is not necessarily involved.

[2] It is fair to assume that the board acted within what it believed to be its authority and power. Whether such authority and power were conferred by the act of Congress, or whether it was derived from the general powers conferred upon the executive branch of the government in times of war, is quite immaterial. It must be assumed that the board or bureau acted in good faith, and there is nothing to indicate a want of good faith. The power of Congress to authorize the action of the board in the first instance cannot be doubted.

[3] That being true, it was entirely competent for Congress thereafter to approve or disapprove, affirm or disaffirm, its acts. Acting pursuant to what it believed to be the power conferred upon it, this governmental agency entered into a contract with this defendant, and the defendant is not in a position to challenge the right of the congressional branch of the government to approve and affirm the contract so made; and Congress in no uncertain terms has approved and affirmed contracts of this kind and character made by the board through its officers.

[4] Here the congressional action was not taken subsequent to the bringing of this suit to enforce the provisions of the contract, but was taken long prior to the commencement of this suit, so that the rights of the parties must be determined in view of legislation as it now exists, and in view of the ratification and approval of the acts of the board. It follows as a matter of course that, if the contract is valid and made in behalf of the government, the government has a right to bring suit in its own courts to enforce its terms.

For these reasons, the motion to dismiss will be denied. · The plaintiff will have the usual time in which to plead to the declaration.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes