## UNITED STATES v. SKINNER & EDDY CORPORATION.

(District Court, W. D. Washington, N. D. May 8, 1925.)

No. 9124.

1. **Pleading** ☞34(1) — **In construction of pleadings, allegations liberally construed with view to substantial justice.**

Under Rem. Code Wash. 1915, § 285, in construction of pleadings, allegations must be liberally construed, with view to substantial justice.

2. **Pleading** ☞214(2)—**Demurrer admits facts well pleaded, and allegation that defendant knew another was acting for plaintiff is fact so admitted.**

Demurrer admits facts well pleaded, and allegation that defendant knew another was acting for plaintiff is statement of fact admitted by demurrer.

3. **United States** ☞126 — **It being admitted that Emergency Fleet Corporation acted for United States in making contract, United States can sue thereon.**

It being admitted that United States Shipping Board Emergency Fleet Corporation, in contracting with shipbuilding corporation, acted on behalf of United States, United States may sue on contract made, of which statutes of United States and executive orders of President became a part.

4. **Principal and agent** ☞129—**Principal may sue on contract of his agent.**

Principal may sue on contract of his agent.

5. **United States** ☞135—**United States is real party in interest in suit involving property of Emergency Fleet Corporation.**

Legislation permitting President to dispose of property acquired by Emergency Fleet Corporation is an assertion that property belongs to United States, rendering it, under Rem.

Code Wash. 1915, § 179, real party in interest in suit involving property of corporation.

**6. Equity �⪦112—A court of equity, necessity appearing, can arrange parties plaintiff and defendant, and administer relief as their respective rights may require.**

A court of equity, necessity appearing, can arrange parties plaintiff and defendant, and administer relief as their respective rights may require.

**7. United States ⊪126, 135—United States may sue to recover overpayments made by Emergency Fleet Corporation, nor is corporation necessary party.**

Under Shipping Act Sept. 7, 1916, as amended by Merchant Marine Act 1920 (Comp. St Ann. Supp. 1923, §§ 8146¼–8146¼t), and Act June 15, 1917, the United States, possessing contracts made by United States Shipping Board Emergency Fleet Corporation with shipbuilding corporation, being real party in interest, may sue corporation to recover overpayments made to it, nor is Fleet Corporation a necessary party.

At Law. Action by the United States against the Skinner & Eddy Corporation. On demurrer to petition. Demurrer overruled.

Suit of a civil nature at law is brought by the plaintiff to recover $7,536,432.08 as overpayment made to the defendant by the United States Shipping Board Emergency Fleet Corporation, plaintiff's agent, on a series of war-time contracts entered into during the years 1917 and 1918. It is alleged that under Act Sept. 7, 1916, 39 Stat. 738 (Comp. St. §§ 8146a–8146r), known as "Shipping Act 1916," the creation of a federal board was provided, to be appointed by the President, known as the United States Shipping Board; that commissioners were appointed and confirmed and the board organized in January, 1917, and has discharged the duties conferred by said act as amended by the Merchant Marine Act of 1920 (Comp. St. Ann. Supp. 1923, §§ 8146¼–8146¼t). Declaration of war April 6, 1917, is alleged, continuance of hostilities until November 11, 1918, and declaration of peace July 2, 1921, by "joint resolution of Congress," "as announced by proclamation of the President issued November 4, 1921"; that the Shipping Board, pursuant to authority conferred, organized on the 16th of April, 1917, the United States Shipping Board Emergency Fleet Corporation, which has since existed; that by Act June 15, 1917, c. 29 (40 Stat. 182), the President was given power, among other things, to contract for ships and to delegate the authority conferred, and that on July 11, 1917, the President delegated to the United States Shipping Board Emergency Fleet Corporation power for the construction and completion of ships and purchasing and requisitioning of materials for ship construction; that pursuant to such delegated authority the plaintiff's agent entered into five written contracts with the defendant, known as supplemental contract No. 10 S. C. and contracts Nos. 175 S. C., 309 S. C., 324 S. C., and 447 S. C., and complaint further alleges the number of ships under each contract, the amount per ship, and sets out and attaches a copy of the contract and supplemental contracts; that the defendant knew it was dealing with the plaintiff, and that the corporate agent was acting solely on plaintiff's behalf, and that the vessels were paid for by the plaintiff and were to become the property of the plaintiff; that during August, 1917, and prior thereto for a time, the defendant was the owner of a steel shipbuilding plant in the city of Seattle and engaged in building ships for private owners; that on August 3, 1917, the plaintiff's corporate agent, pursuant to delegated authority, acting for and on behalf of the plaintiff, requisitioned for the plaintiff all power-driven, cargo-carrying and passenger vessels above 2,500 tons dead weight, under construction in the yard of the defendant, and notice of such act was given to the defendant on that date; that plaintiff performed all contracts and agreements by accepting delivery of 65 vessels and paying in cash, materials, and credits the full purchase price, and in addition paid on account of the several contracts and agreements in cash, materials, and credits the further sum of $7,536,432.08, "for which sum no consideration has been received by the plaintiff."

"All payments and overpayments made to and received by defendant on account of its performance of said contracts and for completion of the requisitioned ships were from the funds of plaintiff, appropriated by Congress to be used for such purpose, and in accepting and receiving such payments and overpayments defendant well knew, at the date of receiving the same, that they were made from the funds of plaintiff." Statements are made with relation to payments of various sums under the respective contracts, and by reason of the cancellation of contracts for certain ships covered by certain contracts set out, cancellation being authorized by the provisions of the contracts, and it is stated no labor had been expended on, and no materials had been used by the defendant for, certain of the ships at the time of the cancellation.

The complaint sets out all these contracts

in hæc verba, the aggregate construction of 82 steel steamers, the number of ships that were constructed and delivered, the number of ships that were canceled pursuant to authority delegated by the President pursuant to Act June 15, 1917, and the payments that were made upon all of the ships covered by the contracts, including the ships which were afterwards canceled. It is alleged that the overpayment was $4,612,500, and recovery of this is sought under count 1. Count 2 seeks to recover $78,000 paid through error and mistake; count 3, for certain materials delivered and still unpaid for, in the amount of $803,000; count 4, materials, etc., sold and delivered and not paid for, $623,000; count 5, $3,235,000 is sought for rental for the shipbuilding plant alleged to have been leased to the defendant; count 6, $146,000 for conversion of certain tools and plant equipment; count 7, damages of $7,500 for injury to a derrick; count 8, $2,660.60 for certain charges and credits given the defendant and accepted by the defendant in writing; count 9, $9,263.43 for defects in workmanship in some of the ships; count 10, $60,-000 for 12 reciprocating engines furnished to the defendants, which, through error, were billed for $60,000 less than should have been; count 11, $113,000 paid through error and mistake for bonuses for predelivery of ships; count 12, $100,000 for liquidated damages for 4 ships not delivered on delivery dates; count 13, $69,000 for equipment which plaintiff paid for and was not supplied; count 14, $1,622,000 paid through error and mistake on account of claims erroneously made and paid for.

To plaintiff's complaint and each count thereof the defendant has interposed a demurrer, on the ground that the complaint does not state facts sufficient to constitute a cause of action, and that there is a defect of parties plaintiff, and also that several causes of action have been improperly united. The principal grounds of demurrer are based upon the proposition that the contracts pleaded are not contracts of the United States, but are contracts of the Fleet Corporation; no assignment is alleged from the Fleet Corporation to the United States. All of the contracts, except "10 S. C.," dated May 28, 1917, recite that they are contracts "between Skinner & Eddy Corporation, * * * party of the first part, herein called the contractor, and the United States Shipping Board Emergency Fleet Corporation, * * * herein called the owner, *representing the United States of America,* party of the second part." (Italics mine.)

The defendant contends that the contracts show on their face that they are contracts of the Fleet Corporation, and not contracts of the United States. All of the contracts, except contract No. 10, recite in the party clause: "The United States Shipping Board Emergency Fleet Corporation, * * * representing the United States of America, party of the second part." Supplemental agreement, Contract No. 10 S. C., was entered into February 16, 1918, in which the corporation, "representing the United States of America, party of the second part (herein called the owner)," appears.

Oliver P. M. Brown, Sp. Asst. Atty. Gen., and Clarence L. Reames, of Seattle, Wash. (Thos. P. Revelle, U. S. Atty., and John A. Frater, Asst. U. S. Atty., both of Seattle, Wash., Chauncey G. Parker, of Newark, N. J., MacCormac Snow, of Portland, Or., and Chas. E. Allen, of Seattle, Wash., of counsel), for the United States.

Louis Titus, of San Francisco, Cal., and George Donworth, of Seattle, Wash. (Hastings & Stedman, Donworth, Todd & Higgins and Wm. Edris, all of Seattle, Wash., of counsel), for defendant.

NETERER, District Judge (after stating the facts as above). [1] "In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties." Section 285, Rem. Code Wash. 1915. See, also, Duryee v. Friars, 18 Wash. 55, 50 P. 583; McKinley v. Min. Hill Mining Co., 46 Wash. 162, 89 P. 495; Lawson v. Sprague, 51 Wash. 291, 98 P. 737; Bank of Metropolis v. Guttschlick, 14 Pet. 19, 10 L. Ed. 335; Childress v. Emory, 8 Wheat. 642, 5 L. Ed. 705.

[2, 3] The demurrer admits facts well pleaded, and the allegation of knowledge of the defendant that the Fleet Corporation was acting for the plaintiff is a statement of fact admitted by the demurrer. Fidelity & Deposit Co. v. Bank of Charleston (C. C. A.) 267 F. 367; Sullivan v. Iron Silver Mining Co., 109 U. S. 550, 555, 3 S. Ct. 339, 27 L. Ed. 1028; Tobin v. Seattle, 127 Wash. 664, 221 P. 583; Harris v. Halverson, 23 Wash. 779, 63 P. 549; Shannon v. Grindstaff, 11 Wash. 536, 40 P. 123. And, this fact being admitted, there can be no question, if there could be without such knowledge, that the principal, the plaintiff, may sue for the contract of its agent, the United States Shipping Board Emergency Fleet Corporation. The statutes of the United States also entered into and became a part of the contracts set

out, as did also the executive orders of the President authorized by the provisions of law.

[4] The decision of the Supreme Court in the Sloan, etc., Case, 258 U. S. 567, 42 S. Ct. 386, 66 L. Ed. 762, and allied cases, holding it to be a corporate entity, can have no relation to this issue because of the established relation disclosed by the record between the plaintiff, the Fleet Corporation, and the defendant. That a principal may sue on the contract of his agent has been repeatedly held. Stinson v. Sachs, 8 Wash. 391, 36 P. 287; First Nat. Life Assurance Society v. Farquhar, 75 Wash. 667, 135 P. 619; Campbell v. Gowans, 35 Utah, 268, 100 P. 397.

Whether there may be exception to contract No. 10 entered into prior to the Act of June 15, 1917, is not now material, because all of the other contracts are set out in count 1 and have the statement that the contract is entered into by the Fleet Corporation, "representing the United States of America." Aside from the stipulation in the contracts, the Supreme Court, in the Lake Monroe Case, 250 U. S. at page 251, 39 S. Ct. 460, 63 L. Ed. 962, said that the Fleet Corporation was but an operating agency of the Shipping Board, financed with public funds. In the Sloan Case, supra, the court did not say that the Fleet Corporation was not an agent of the government, nor am I conscious of any case which would prevent the plaintiff, upon the allegations of the complaint under the demurrer, from maintaining this suit. See, also, U. S. v. Powers (D. C.) 274 F. 131; U. S. v. Gordin, 287 F. 565; U. S. v. Hodges (D. C.) 218 F. 87; Buffalo Union Furnace Co. v. U. S. S. B. E. F. Corp. (C. C. A.) 291 F. 23; State v. Williams (Wash.) 233 P. 285; Hunter v. U. S., 5 Pet. 173, 8 L. Ed. 86; Pine River Logging Co. v. U. S., 186 U. S. 279, 22 S. Ct. 920, 46 L. Ed. 1164; Utah Power & Light Co. v. U. S., 243 U. S. 389, 37 S. Ct. 387, 61 L. Ed. 791; Anderson v. Spriestersbach, 69 Wash. 393, 125 P. 166, 42 L. R. A. (N. S.) 176; Seattle National Bank v. Emmons, 16 Wash. 585, 48 P. 262; section 4, Merchant Marine Act June 5, 1920.

[5] The legislation permitting the President to dispose of the property acquired by the Fleet Corporation as he might direct is an assertion that the property belongs to the United States, and, if it is its property, it is the real party in interest. Section 179, Rem. Code Wash. See, also, United States v. Clallam County (D. C.) 283 F. 645, af-

firmed 263 U. S. 341, 44 S. Ct. 121, 68 L. Ed. 328. Justice Holmes, in affirming, said the plaintiff was merely the corporate instrumentality of the United States. U. S. Grain Corp. v. Phillips, 261 U. S. 109, 43 S. Ct. 283, 67 L. Ed. 552. U. S. v. Matthews (C. C. A.) 282 F. 266, is distinguished in this: That recovery was sought from Matthews for money paid through "its agent or governmental department," the Fleet Corporation. There was no express contract declared upon, nor disclosed agency alleged.

[6] This court, in U. S. v. Sloan Shipyards Corp., Anacortes Shipbldg. Co., Capital City Iron Works, et al., decision filed May 23, 1921 (not reported), in an action for the foreclosure of a bond or mortgage in the sum of $1,000,000 to secure damages in the event of default for like contracts for shipbuilding as in this case, where the contracts were executed by the Fleet Corporation as in this case, and the bond was taken to the Fleet Corporation, each reciting that the Fleet Corporation was "representing the United States of America," held the United States could sue as the real party in interest, appointed a receiver, and took possession of the properties of the Sloan Shipyard Corporation and allied concerns, and sold all of the assets, amounting to many hundreds of thousands of dollars. The Fleet Corporation was made in that case a party defendant, and this court held that, all parties being before the court, the ultimate rights' of all parties could be protected by the decree, and a court of equity, necessity appearing, can arrange the parties plaintiff and defendant, and administer relief as their respective rights may require.

[7] The plaintiff, possessing the contracts, being the real party in interest—see Kerr v. Watts, 19 U. S. (6 Wheat.) 550, 5 L. Ed. 328; Elmendof v. Taylor, 23 U. S. (10 Wheat.) 152, 6 L. Ed. 289; Mechanics Bank v. Seton, 26 U. S. (1 Pet.) 299, 7 L. Ed. 152,—may maintain this action. Under the Supreme Court holding in Erickson v. U. S., 264 U. S. 246, 44 S. Ct. 310, 68 L. Ed. 661, the Fleet Corporation is not a necessary party. Whether it may be a proper party is not before the court.

I think it is apparent from the complaint that the United States is the real party in interest, the Fleet Corporation, a corporate instrumentality, is a mere agent, with no beneficial interest, and that sufficient facts are stated in the several causes of action, and the demurrer to the several causes of action should be overruled.