**KNICKERBOCKER FUEL CO. v. MELLON, Director General of Railroads, etc.**

(District Court, S. D. New York. December 1, 1926.)

**I. Process ⬅▬158—Motion to vacate service made in special appearance held to admit facts alleged in complaint.**

Motion to vacate service of summons on ground that the court is without jurisdiction, made on special appearance without filing answer, is in the nature of a demurrer, and admits the facts alleged in the complaint.

**2. Railroads ⬅▬5½(44), New, vol. 6A Key-No. Series—Action against Director General for money paid through mistake held not barred by limitation (Transportation Act 1920, § 206 [Comp. St. § 10071¼cc]).**

An action against the Director General of Railroads to recover money collected by and paid to him through mutual mistake of fact, commenced shortly after discovery of the mistake by plaintiff, but more than two years after the payment *held* not barred by the limitation in Transportation Act 1920, § 206 (Comp. St. § 10071¼cc).

**3. Limitation of actions ⬅▬96(2)—Limitation runs against action based on mutual mistake only from discovery of mistake.**

A statute of limitation does not begin to run against a cause of action based on defendant's fraud, or on a mutual mistake of fact by the parties, until discovery of the fraud or mistake.

At Law. Action by the Knickerbocker Fuel Company against Andrew W. Mellon, Director General of Railroads, as Agent. On motion by defendant to vacate service of summons. Denied.

Poore & Webster, of New York City (John G. Poore, of New York City, of counsel), for plaintiff.

Cravath, Henderson & De Gersdorff, of New York City, for defendant.

WINSLOW, District Judge. This is a motion by the defendant, appearing specially, to vacate the service of the summons and to dismiss the complaint, on the ground that the court is without jurisdiction either as to the person of the defendant or as to the subject-matter of the action. The motion rests solely on the complaint and affidavit of service. The real question is whether the two-year statute of limitation contained in the Transportation Act bars the action. Section 206, subsections (a) and (b), Transportation Act of 1920, U. S. Comp. St. Ann. Supp. 1923, § 10071¼cc.

This act was effective February 28, 1920. Presumably actions under this act brought against the Director General were barred February 28, 1922. Process herein was served subsequent to that date on the assistant treasurer of the Baltimore & Ohio Railroad. If the statute barred the action, and the person served had then ceased to be the representative of the defendant, the service is a nullity.

[1] No answer has been filed. All of the allegations of fact contained in the complaint must therefore be assumed to be true. The motion is in the nature of a demurrer. U. S. v. Skinner & Eddy Corp. (D. C.) 5 F.(2d) 708.

[2] The complaint may be summarized as follows: The plaintiff is a domestic corporation. The defendant is the duly authorized Director General of Railroads, who, at the times mentioned in the complaint, was in control of and operating various railroads throughout the United States, including the Baltimore & Ohio Railroad; that, during the year 1917, plaintiff herein, pursuant to the orders of the United States of America, became a member of the Tidewater Coal Exchange, an organization created by said United States of America for the purpose of regulating and expediting shipments of coal to tidewater ports, and for the purpose of co-ordinating, regulating, and expediting shipments of various materials and supplies for the effective conduct of the World War; that, upon becoming a member of this Tidewater Coal Exchange, plaintiff agreed to pay to the defendant all car demurrage charges fairly and properly assessed against it by authority of the commissioner of said Tidewater Coal Exchange, and the said defendant agreed to maintain an accurate record of all shipments of coal to tidewater ports by the various mem-

bers of the Exchange, to keep an accurate record of the dumping of such coal, and to make a just and proper allocation of such demurrage charges that might accrue against the various members of said Exchange; that thereafter, and during the month of August, 1920, defendant rendered to the plaintiff herein an account of car demurrage which it was alleged had accrued against plaintiff on shipments of coal made by plaintiff to tidewater at the Baltimore & Ohio Railroad piers at New York for the period between January 1, 1919, and May 31, 1919, which said account showed an alleged sum of $4,230 due from the plaintiff to defendant; that plaintiff, believing said account to be correctly stated and in reliance thereon, paid such amount to the defendant in October, 1920; that such account was not correctly stated against plaintiff, but, on the contrary, was incorrect, improper, and unjust, and that for such period no demurrage charges whatever had legally or justly accrued against said plaintiff; that at about the time such payment was made, or shortly thereafter, the defendant herein discovered such error, but neither at that time nor at any time since has ever reported such error to the plaintiff, but, on the contrary, has kept it concealed from said plaintiff; that, after the discovery of the error in said allocation of demurrage, the defendant herein reallocated such demurrage charges against the members of the Tidewater Coal Exchange, and thereafter and up to the present time has been and still is collecting such charges from other members of the Exchange, including the amounts heretofore paid to the defendant by the plaintiff; that plaintiff did not know, and had no reason to believe or suspect, that the account rendered to it by the defendant was erroneous, unjust, or improper, and did not discover such fact until on or about April 5, 1926, by reason of an investigation of the records of the Tidewater Coal Exchange in connection with an entirely different and separate claim of the plaintiff; that, immediately after the discovery of said error, plaintiff demanded from the defendant the repayment of the sum paid in error, but said repayment has been refused.

Process herein was issued August 16, 1926, or within about four months after the discovery of the error. I see no reason why the principles of equity should be disregarded in this case because the Director General of Railroads, as Agent, is the defendant. If it be true, as alleged, that the real reason for delay in bringing suit was due to a mutual mistake of fact, then the suit was expeditiously brought after discovery of the fact.

If it be true that the government erroneously collected the demurrage sued for from plaintiff, and, upon discovery of the fact, concealed or withheld the truth from plaintiff, and thereupon proceeded forthwith to collect the same charges from other persons, the statute did not begin to run until discovery of the fact, and the court should give the plaintiff its day in court, if it can lawfully do so. [3] A statute of limitation does not begin to run against a cause of action based on defendant's fraud, or upon a mutual mistake of fact by the parties, until after discovery of the fraud or mistake. U. S. v. Diamond Coal & Coke Co., 255 U. S. 323, 41 S. Ct. 335, 65 L. Ed. 660; Exploration Co. v. U. S. (C. C. A.) 235 F. 110. If it be argued that the plaintiff, with reasonable diligence, could have learned of the fraud or mistake, the answer is that the question is one of fact, not determinable on this motion.

Motion denied.